Eastern Dist.
· *March,* 1836.

COOLEY
*vs.*
SEYMOUR.

9L 274
52 1639

## COOLEY *vs.* SEYMOUR.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The occasional absence of the appellee from the state, does not dispense
with the service of citation at his domicil.

An affidavit showing that at the time of service of citation on the counsel
for the appellee, the latter *resided* in another state, will make the service
good.

Errors assigned as apparent on the face of the record, that interest was
allowed on an unliquidated claim; that the land was ordered to be seized
and sold, to pay for the value of improvements allowed to the party
evicted, and compensation made to the curator *ad hoc*, all in the same
judgment, are well taken.

The fact that a cause was taken up and tried on a different day from that
fixed on for its trial, is not of itself fatal.

When a curator *ad hoc* is a sworn attorney of the court, he will be presumed
to have done his duty, when the contrary does not appear.

The curator *ad hoc* is responsible for his neglect to the party whose interests
he is appointed to defend, and his faults or misconduct, are not to be
visited upon the adverse party.

This is an action to recover from the defendant, the value
of improvements made on a large tract of land, from which
the plaintiff was evicted, which he alleges are worth three
thousand dollars; that the defendant resides in England
and has no known agent in this country, and no curator has
been appointed to administer his property here. He prays
that a curator *ad hoc* be appointed to defend said absentee,
and that he have judgment, &c.

Charles Poydras, a member of the bar, was appointed
curator *ad hoc*, who pleaded a general denial.

The cause was set for trial on a Saturday, and was not
taken up until Monday following, when it was proceeded in

without any consent or appearance of record by the curator <span>Eastern Dist.</span>
*ad hoc.* <span>*March,* 1836.</span>

<span>COOLEY</span>
<span>*vs.*</span>
<span>SEYMOUR.</span>

The district judge presiding, rendered judgment in favor of the plaintiff for the sum of two thousand five hundred dollars as the value of his improvements, and ordered the land to be seized and sold to pay this sum; and likewise ordered fifty dollars to be allowed the curator *ad hoc* for his services, to be taxed as part of the costs, and paid by the defendant. The defendant appealed.

*Cooley*, for the plaintiff, moved to dismiss the appeal as not taken in time, more than two years having elapsed from the time of *rendering* judgment. Judgment was rendered in November, 1833, signed in May, 1834, and the appeal granted the first of February, 1836.

2. The petition and citation of appeal were not legally served.

*Mitchell*, for defendant, assigned as errors apparent on the face of the record, those stated in the opinion of the court.

*Martin, J.*, delivered the opinion of the court.

In this case a motion is made to dismiss the appeal. Its dismissal is prayed for on the ground that it was taken more than two years after the judgment was rendered, and for want of a legal service of the citation.

It is true, more than two years had elapsed after the judgment appealed from was rendered, before the appeal was taken, but two years had not expired after judgment was signed, until the appeal was granted. A judgment is inchoate only, and no appeal lies from it until it is made perfect by receiving the signature of the judge. No prescription runs against a party before he has acquired the faculty of acting and asserting his rights.

Two citations issued in this case, one was served on the appellee's wife at her residence in the parish of Point Coupée, and the place of her husband's domicil, the sheriff attesting

EASTERN DIST.
*March*, 1836.

COOLEY
*vs.*
SEYMOUR.

The occasional absence of the appellee from the state, does not dispense with the service of citation at his domicil.

An affidavit, showing that at the time of service of citation on the counsel for the appellee, the latter *resided* in another state, will make the service good.

Errors assigned as apparent on the face of the record, that interest was allowed on an unliquidated claim; that the land was ordered to be seized and sold to pay for the value of improvements allowed to the party evicted, and compensation made to the curator *ad hoc*, all in the same judgment, are well taken.

The fact that a cause was taken up and tried on a different day from that fixed on for its trial is not of itself fatal.

When a curator *ad hoc* is a sworn attorney of the court, he will be presumed to have

he was absent from the parish, and as was believed, absent from the state. The other citation was served on the appellee's attorney, in the parish of West Feliciana, the sheriff attesting the fact that the appellee was out of the state.

The appellant has prevented the objection that might be made to the service of citation, as evidenced by the sheriff's return of the absence of the appellee, (which if occasional only, does not dispense with a citation at his domicil,) by an affidavit that, at the time of the service, the appellee resided in Philadelphia. The appeal must therefore be sustained.

The appellant further assigned, as error apparent on the face of the record, that interest was allowed, although the plaintiff's demand was unliquidated; that the land was ordered to be sold to satisfy a judgment for the value of the improvements made on it; and finally, that compensation was allowed to the curator *ad hoc*, to be taxed in the costs and paid by the defendant.

The errors thus assigned appear to be well taken, but there are others assigned as being apparent on the face of the record, which present a very different character. The record shows that the cause was tried on a different day from that which had been fixed for its trial, and, it is said, in the absence of the curator *ad hoc*. It is evident that this gentleman neglected to correspond with the defendant, who resided in England.

It often happens that causes are tried on days different from those fixed on for the trial, but this court has decided that this circumstance is not of itself fatal. The absence of the curator *ad hoc*, at the time of the trial, is inferred from the circumstance that there was no cross-examination of the plaintiff's witnesses, and none introduced on the part of the defendant. But the plaintiff has shown that the curator *ad hoc* was present, and moved that he be allowed a compensation for his trouble, which was ordered.

The curator was a sworn attorney of the court, and must be presumed to have done his duty when the contrary does not appear.

He may have honestly concluded, in this case, in which he had only to see that the value of the improvements of the plaintiff, put on the land from which he had been evicted, should be accurately made and ascertained, that it was extremely improbable that any commission sent to England could afford any useful evidence or assistance in the cause. The plaintiff's counsel has very properly urged in argument, that the curator *ad hoc* is responsible for his neglect to the party whose interests he is appointed to defend, and his sins, whatever they may be, are not to be visited upon the plaintiff, imputed to his misconduct or his fault, nor to be answered for by him.

On the merits, the evidence shows that the plaintiff made out his case, and established his claim for improvements.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the plaintiff recover from the defendant the sum of two thousand five hundred dollars, with costs in the District Court, and that he pay those of the appeal.