FRANKLIN BEAUMONT and another *v.* LEVIN COVINGTON.

6r 189
105 460

A receipt from the Receiver of Public Moneys for the price of lands purchased from the United States, is sufficient evidence of title to enable the purchaser to maintain an action.

The possession of an agent, is the possession of the principal.

A curator *ad hoc*, may be appointed to represent an absent defendant in a petitory action, as in any other. Art. 116 of the Code of Practice, does not limit the right of appointment to any particular class of actions.

Where a curator *ad hoc*, is a sworn attorney, he will be presumed to have done his duty. So where a second curator *ad hoc*, has been appointed, *pendente lite*, it will be presumed that the first appointment was vacated, by death, or otherwise.

APPEAL from the District Court of Concordia, *Tenney, J. Stacy*, for the plaintiff.

*Elam*, for the appellant, assigned as errors apparent on the record : 1st. That the action, being a petitory one, should have been against the person in actual possession ; and that, if no one was in possession, no action of this kind could be maintained. Code of Practice, arts. 43, 964. 2d. That a defendant cannot be represented in a petitory action by a curator *ad hoc*, such appointments being restricted to personal actions only. Civil Code, art. 59. Code of Practice, arts. 43, 116. 3d. That it does not appear from the record, that the curator was sworn, as required by law. Civil Code, arts. 52, 54, 295. 9 La. 276. B. &. C's Digest, p. 611, act of 1834. 4th. That it does not appear for what reasons a second curator *ad hoc*, was appointed ; nor that the latter ever was sworn, or appeared, or that there was a judgment by

default, or such a *contestatio litis* as is required to support a legal judgment. Code of Practice, arts. 120, 361. 11 La. 360.

BULLARD, J. The plaintiffs allege, that they are joint owners of a tract of land in the parish of Concordia, composed of Nos. 49 and 50, in Township No. 9, Range 10 east, by virtue of a purchase from the United States ; that Covington, who resides in the State of Mississippi, wrongfully took possession, and has possession ; and that he has committed waste. They pray that a curator *ad hoc*, may be appointed for the absent defendant, and for process of citation, and that they may be decreed to be the true owners of the said tract of land.

The court accordingly appointed a curator *ad hoc*, upon whom service of citation was made, September 21st, 1839, and who, on the 17th of February, 1840, filed an answer.

The answer denied the allegations in the petition ; and particularly, that the defendant was in possession of the land set forth in the petition. The defendant further alleged title to the land occupied by him, in virtue of his ownership of a tract fronting on the river Mississippi, in front of said land, under the act of 1832. He avers, that he had made application to enter said land at the Land Office at Ouachita, and that the Receiver had refused to receive the money, because there was no Register. He further claims for the value of his improvements.

The plaintiffs produced as evidence of title, two receipts by the Receiver of Public Money in that district, for the price of the two lots of land as described in the petition. This, we have often ruled, is sufficient to enable the purchaser to maintain an action.

On the part of the defendant, it is not shown that he has any title whatever ; nor does it even appear from the testimony of the Surveyor, that the land lies in the rear of, and contiguous to the front tract, of which he is the alleged owner.

The plaintiffs had judgment for the land, and for five hundred and five dollars damages for fruits, or rents and profits, and the defendant has appealed.

His counsel has contended, that the action being petitory, could be brought only against a person in *actual* possession ; and that if it be assumed that no one was in possession, the action cannot be

maintained.    To this it may be answered, that it was shown that the defendant was in possession and cultivation of the land, that his residence was in the neighboring State, and that one may be in actual possession by means of agents, without being personally upon the land.

It was next urged, that the court could not appoint a curator *ad hoc*, to represent the defendant in a petitory action.    It appears to us, that article 116 of the Code of Practice does not limit the right of appointment to any particular class of actions ; and when the law does not distinguish, we cannot. ·

We held in the case of *Cooley* v. *Seymour*, 9 La. 274, that when the curator *ad hoc*, was a sworn attorney, we would presume he had done his duty.

We will presume that a vacancy had occurred either by death or otherwise, when the court appointed a new curator *ad hoc*, pending the case.    The case was at issue before the second appointment; and there was, in our opinion, a regular *contestatio litis*.

Having disposed of these technical objections, we come to consider the question of improvements, and rents and profits.

On the part of the appellee it is contended, that the value of the rent is shown, as well as that of the improvements, and that the difference between them is the judgment of the court below.    But the appellant contends, that no allowance was made for his improvements.    The evidence in the record does not enable us to say, that the result to which the court came upon a mere question of fact, is so clearly erroneous as to authorize our interference.

*Judgment affirmed*