No. 192.—Mrs. Sarah A. Bell *v.* Francke & Danneel. Same *v.* D. B. Douglass, Sheriff, et als.

23 599
52 805
23 599
51 482

An injunction will not lie to restrain the execution of a judgment on the ground that it contains illegalities which affect the validity of the judgment itself.

*Per curiam.*—If it be conceded that the wife, separated in property from her husband, can attack a judgment that has been confessed by her for a debt which she has contracted with the authority and sanction of the judge under the act of 1855, then, and in such case, she must proceed by direct action to annul it.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *W. N. Compton,* attorney at law, Judge, *ad hoc. D. C. Morgan* and *C. H. Morrison,* for plaintiffs and appellants. *Todd & Brigham,* and *Newton & Hall,* for defendants and appellees.

Howell, J. Executions having issued against plaintiff, on judgments confessed by her in suits of Francke & Danneel *v.* S. A. Bell, and B. Silbernagel & Co. *v.* S. A. Bell, she obtained an injunction against both on the grounds that the debts for which the judgments were confessed were the debts of her husband, and the confessions were obtained from her through fraud and under marital influence. In the petition for injunction she asked only that the injunction be perpetuated, and that an act of mortgage in favor of Francke & Danneel be annulled and cancelled. She subsequently brought an action to annul the judgment in favor of Francke & Danneel on the same grounds, and these two suits were tried together below and are now before us in one transcript. The judge *a quo* dissolved the injunction against Francke & Danneel's judgment and perpetuated it in part against the judgment of B. Silbernagel & Co.

The defendants in the injunction suits severally moved to dissolve on the ground, among others, that if the facts alleged be true, plaintiff is only entitled to relief from the judgments confessed and enjoined by her in an action of nullity or on appeal.

As to the defendants, B. Silbernagel & Co., this position must be maintained. If a judgment be so illegal as to be a nullity, resort should be had to an action of nullity and not an injunction. 16 L. 288. While a judgment exists it is a warrant for the execution, which can not be restrained for illegalities inherent in the judgment itself. Plaintiff does not ask that the judgment enjoined be annulled. Her injunction therefore, should be dissolved.

As to the other defendants, Francke & Danneel, there was a demand to annul their judgment, which appears to have been considered in connection with the injunction suit, and conceding that the plaintiff, separated in property, can attack a judgment confessed by her, and an act of mortgage made in conformity with the act of 1855, and by virtue of a certificate of a judge, the evidence of the defendants, invoked by plaintiff, satisfies us that the debt secured by the mortgage and for which she confessed judgment with stay of execution, was one for which she was held liable.

It is therefore ordered that so much of the judgment in the case of S. A. Bell *v.* D. B. Douglass, sheriff, et al., rendered on thirty-first May, 1871, as perpetuates in part the injunction herein of the judgment in favor of B. Silbernagel & Co. be reversed, and that said injunction be dissolved, with twenty per cent. damages on the amount injoined, with costs of both courts in favor of said B. Silbernagel & Co., and that in other respects said judgment and the one of same date in the case of S. A. Bell *v.* Francke & Danneel be affirmed with costs.