## No. 687.

### G. W. STONER VS. A. FLOURNOY, SHERIFF, ET AL.

Until the contrary be proved, this court must presume that the judge *a quo* had sufficient legal evidence before him to sustain the judgment rendered. While it does not appear from the minutes of evidence in this injunction case that *the evidence in the tax-suit* was offered in evidence, the judgment rendered therein contains this caption: "And by further reason of the production and filing in open court of the tax-bill or claims due by the defendant to plaintiff, and due proof of the publication of same as required by section thirteen of act No. 98, approved April 27, 1871, it is ordered," etc. With this in the record before this court it can not be said there was no publication, required as citation.

It has been previously held by this court that the Legislature has the power to enlarge the limits of towns and cities, and, having this power, they also have with it the power to impose taxes for all the purposes of the corporations. The question whether the benefits resulting from the extension authorize the burden of contributing to the payment of existing debt, is one for the Legislature to determine in annexing new territory.

APPEAL from the Parish Court, parish of Caddo. *Cresswell, J. Nutt & Leonard,* for plaintiff and appellant. *T. Alexander,* City Attorney, for defendant and appellee.

HOWELL, J. The plaintiff has appealed from a judgment dissolving an injunction obtained by him against the execution of a judgment in favor

of the city of Shreveport for the taxes of 1871. The grounds of injunction urged in this court are :

First—Want of advertisement.

The record of the tax-suit against the plaintiff is in evidence in this and it is contended on behalf of plaintiff that, because the evidence upon which the judgment therein was rendered is not in the record so produced, and the act of incorporation (act No. 98 of 1871, sec. 13,) makes it " the duty of the administrator of the department of finance to file the bills and proofs in the appropriate court, therefore it must be inferred that the publication required was not made in this instance. Such is not the rule or presumption of law. Until the contrary is shown, we must presume that the judge had sufficient legal evidence before him to sustain the judgment rendered by him. In this instance, while it does not appear from the minutes of evidence in this case that the *evidence* in the tax-suit was offered in evidence in this, the judgment rendered therein contains this caption : " And by further reason of the production and filing in open court of the tax-bill or claims due by the defendant to plaintiff and due proof of publication of same as required by section thirteen of Act No. 98 of the General Assembly of Louisiana, approved April 27, 1871, it is ordered, adjudged," etc. With this before us we can not say that there was no publication, required as citation.

Second—The act (No. 98) extending the limits of the city of Shreveport and taking in the lands of plaintiff is unconstitutional, because passed in opposition to the wishes of the inhabitants whose property was thus annexed against their express protest, because at its date the city was largely in debt, to pay which the tax in this case was levied against plaintiff, who was not represented or had any interest in contracting said indebtedness ; and because the lands of plaintiff derive no benefit from the municipal government, which has provided no police over the same, nor repaired, nor laid out roads, streets, etc.

The question is one of power, and it has been held that the Legislature has the power to enlarge the limits of towns and cities, and, having this power, they have with it the power to impose taxes for all the purposes of the corporation. The question whether the benefits resulting from the extension authorize the burden of contributing to the payment of existing debt, is one for the Legislature to determine in annexing the new territory.

This and other points here raised have been before this court and been decided adversely to the position taken by this plaintiff. See 12 An. 515 ; 27 An. 156.

There is another point raised in the brief, but as it is not in the petition for injunction we will not discuss it.

Judgment affirmed.