(71 South. 765)

No. 20541.

HAMBURGER, Jr., et al. v. PURCELL.

(April 24, 1916.)

*(Syllabus by the Court.)*

1. TAXATION &llarr;816—CONFIRMATION OF TAX TITLE—CONCLUSIVENESS.

Where a purchaser of property, adjudicated to the state for taxes, brings the suit authorized by Act No. 101 of 1898, and tenders to a court of competent jurisdiction, ratione materiæ, the

title so acquired, for confirmation, the owner, having the opportunity, who then fails to urge the defenses which may be open to him, cannot thereafter be heard to urge them in a collateral attack upon the judgment obtained in such suit when offered in evidence in support of an exception of res judicata, pleaded against an action brought by him under Act 38 of 1908, authorizing the institution of suits to establish title to real estate where none of the parties are in actual possession of the same.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1385, 1615, 1616; Dec. Dig. ⊙➾816.]

2. JUDGMENT ⊙➾495(2)—VALIDITY—PRESUMPTION.

A judgment rendered without citation of the defendant is void, and may be so treated whenever invoked, but the presumption is that a judgment, rendered by one upon whom the law has conferred such authority, is based upon the conditions required by the law, and is valid, and that presumption is not rebutted by the ex parte allegation (even though supported by his affidavit) of the person condemned, to the effect that he was not cited, or that some other legal requirement has been omitted; he must prove that he was not cited, or, where a curator ad hoc has been appointed to represent him, must prove the nonexistence of the conditions authorizing such appointment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 934; Dec. Dig. ⊙➾495(2).]

3. TAXATION ⊙➾809(2)—PETITION—VERIFICATION—TAX TITLES—SUIT TO TRY TITLE.

Act No. 101, of 1898, authorizing suits for the confirmation of tax titles, does not require a sworn petition, and there was no such requirement, as to such suits, in any other statute prior to the passage of Act No. 157 of 1912 (assuming that act to be applicable, but expressing no opinion to that effect). Hence the fact that the plaintiff, in a suit for confirmation of title, has not sworn to the allegations that the whereabouts of the former owner are unknown, does not justify the conclusion that the appointment of a curator ad hoc was made by the judge upon an insufficient, or no, showing as to the existence or whereabouts of such former owner.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1601; Dec. Dig. ⊙➾809(2).]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Philip Adam Hamburger, Jr., and others against Edward H. Purcell. From a judgment for defendant, plaintiffs appeal. Affirmed.

Wm. Winans Wall, of New Orleans, for appellants. John Watt, of New Orleans, for appellee. Louis Alfred Ducros, of New Orleans, amicus curiæ.

## Statement of the Case.

MONROE, C. J. Plaintiffs, Philip Adam Hamburger, Jr., and Rosa Catherine Moore, bring this suit, as sole heirs of their mother, Catherine Schmidt (widow, by first marriage, of Philip Adam Hamburger, Sr., and deceased wife, by second marriage, of William Andrew Moore, deceased), to establish title, under Act 38 of 1908, to four squares of ground, alleged to have been acquired by Moore as property of the community then existing between him and his last wife. Plaintiffs aver that Edward H. Purcell has caused to be registered an alleged title, acquired from the state of Louisiana, under Act 80 of 1888, as amended by Act 126 of 1896, and that the same is an absolute nullity for the reason that the sales to the state, upon which it is predicated, were made by descriptions which either refer to other property than that owned by petitioner's parents, in 1880, 1881, 1882, and 1883, or else is so vague and indefinite as to describe no property.

They pray that Purcell be cited, and that they be declared the owners of the four squares described in their petition.

Defendant pleaded various exceptions (in the alternative) as follows: That the citation was defective; that the petition was not verified as required by law; res judicata; that plaintiffs are not the heirs of the William A. Moore whose title was acquired by defendant, and hence are without right to prosecute this suit or stand in judgment herein; that defendant has been in actual possession of the property in question for many years, and as the act (No. 38, of 1908) authorizes an action to establish title only to property not in the actual possession of either claimant, plaintiffs are without right to prosecute this

suit thereunder; the prescriptions of 3, 10, 20, and 30 years.

The record discloses the following note of evidence, made upon the trial of the exceptions, to wit:

"Admission. It is admitted that the property in dispute is situated in the town of Milneburg, on the lake front, between the Northeastern Railroad and Elysian Fields street, and that the same is swamp land, subject to overflow from the lake. That Edward H. Purcell, after the purchase of the property from the state auditor, had the same surveyed and the corners of said squares marked by stakes."

Defendant offered the record No. 94,877, Division B, of the Civil District Court, in the matter of Edward H. Purcell v. Mrs. Theresa Le Bon et al., and especially the judgment rendered therein on December 14, 1911, and signed December 20, 1911.

"To which offer, counsel for plaintiffs objected, on the ground that they were never made parties to said suit, nor cited therein, although, at the time, they were residents of the city of New Orleans, and well known to the plaintiff; * * * that the property described in the petition was never sold at tax sale and was made to appear to have been sold only by a fraudulent certificate of the state tax collector changing the description in the conveyance office, which certificate was made out more than 15 years after the alleged tax sale, and the auditor's deed was obtained to the property by said Purcell upon the production of a certified copy of a change of description, made by the register of conveyances and based upon said fraudulent certificate of the state tax collector."

Counsel for plaintiff then offered:

"The alleged auditor's deed, issued to Edward H. Purcell, purporting to convey title to the property described in the petition herein, and also offered * * * to be produced, copy of the certificate, issued by the state tax collector, forming the basis of the change of description in the tax deeds to said property by which it was sold to the state * * * for the taxes of * * * 1880, 1881, 1882, and 1883, and, also * * * the original inscription * * * in the conveyance office, showing the changes in the description of property sold to the state for said years in the name of William A. Moore, with leave to substitute a copy."

To which counsel for defendant objected, on the ground that the judgment in the matter of Edward H. Purcell v. Mrs. Theresa Le Bon et al., constituted res judicata against plaintiff. In reply to which objection plaintiffs' counsel stated that he charges fraud, and "that fraud cuts down everything."

The record discloses no ruling by the trial judge upon the several objections so made, but the evidence objected to appears to have been admitted, and establishes the following facts:

The suit of Purcell v. Le Bon et al. was brought under Act 101 of 1898, to confirm tax titles to a number of pieces of property, including (as sixthly described in the petition):

"Four certain squares of ground in the third district (Milneburg) designated as squares 58, 59, 72 and 73, bounded as follows: Square 58 * * * by Arts, Painters, New York, and Mexico streets; square 59 * * * by Arts, Mexico, Music, and New York streets; square 72 * * * by Edinburg, Mexico, Music, and Arts streets; and square 73 * * * by Edinburg, Mexico, Arts, and Painters streets."

The petitioner's deraignment of the title to said squares was as follows:

"That he acquired the sixth above-described property from the state of Louisiana by a deed from W. S. Frazee, auditor thereof, dated November 23, 1903, numbered 1716, and registers C. O. Book 195, folio 589, on June 21, 1904; that the state of Louisiana acquired same by an adjudication to it, made by P. L. Bouny, state tax collector of the lower district of New Orleans, for taxes due the state for 1880, dated July 28, 1884, and registered in C. O. Book 125, folio 128, on July 28, 1884, and, as per corrected description, made by F. P. Dudenhefer, state tax collector of the third district, registered in C. O. Book 195, folio 253, on February 26, 1904; that William A. Moore acquired same from Hugh Robinson by act before E. Bouny, N. P., on May 31, 1866, registered in C. O. Book 90, folio 572, and that said William A. Moore, if alive, and his heirs and legal representatives, if he be dead, were the former owners of said property."

The petitioner further alleged that the former owners of the property, if alive, and their heirs and legal representatives, if they were dead, were unknown to him, as were, also, their addresses, and that it was necessary that a curator ad hoc be appointed to represent them; and an order appointing

such curator was indorsed upon the petition upon the day following its filing.

Plaintiff herein filed in evidence two deeds from the auditor to Edward H. Purcell, both purporting to have been executed on November 23, 1903; the one, pursuant to an adjudication to the state, made on November 27, 1883, for taxes of 1880, of the property of Wm. A. Moore, described as follows:

"Third District.

"Square 58 to 73, bounded by Music, Arts, Dublin, Vienna, 4 squares; being more properly described as follows, to wit:
"Four certain squares of ground and improvements thereon, in the Third district of the city of New Orleans, near Milneburg, designated as squares Nos. 58, 59, 72, and 73.
"As per tax collector's certificate annexed hereto and made part hereof."

The other, pursuant to an adjudication to the state, made on December 5, 1883, for taxes of 1880, of the property of Anthon Werner, described as follows:

"Third District.

"Squares Nos. 111 to 118, bounded by Music, Arts, Dublin, Vienna, three squares.
"Being more properly described as follows, to wit:
"Three certain squares of ground and improvements thereon, in the Third district of the city of New Orleans, designated as squares Nos. 111, 117, 118.
"As per tax collector's certificate annexed hereto and made part hereof."

He also filed copies of the tax collector's procès verbal, of date July 28, 1884, and of page 128 of the tax sale book for 1880, from which it appears that, according to the original entry (in the sale book), the collector sold the property in question as "squares 58 to 73, bounded by Music, Arts, Dublin, and Vienna streets, 4 squares"(?); to which original entry there appear to have been added some interlineations, of figures and words, including the figures "195, p. 253."

He likewise filed the tax collector's certificates, referred to in the auditor's deeds, together with certain communications, which accompanied the certificates from the tax col-lector to the register of conveyances and purport to authorize the register to make the corrections as hereinabove indicated.

The certificates are dated, respectively, December 12, 1903, and February 20, 1904, and were registered on February 26, 1904, in Book 195, pp. 252, 253, and the auditor's deeds were registered on June 21st following, in the same book, page 589. The city maps which we have consulted, show that Music, Arts, Dublin, and Vienna streets bound but a single square.

## Opinion.

[1] The judgment appealed from decrees "that the plea of res adjudicata be sustained and plaintiff's suit be dismissed at his cost." No ruling appears to have been made upon any other exception, and no note or reservation of any bill of any exception, by either litigant, to any ruling or failure to rule, appears in the transcript. The sole question presented for the consideration of this court, then, is, Did the trial judge properly sustain the exception of res judicata, as predicated on the judgment rendered in the suit brought by the present defendant for confirmation of title?

The plaintiff in that suit tendered the title here attacked, and prayed that it be confirmed and quieted, in accordance with Act 101 of 1898, and that act authorized the bringing of such a suit, in the manner in which it was brought, the court was vested with jurisdiction ratione materiæ, and the grounds, now relied on by the present plaintiffs for the purposes of attack, were then open to them for the purposes of defense. It therefore, follows that, unless the trial court was without jurisdiction, ratione personæ, the judgment in question cannot be attacked collaterally, even for fraud. We are then to inquire whether it has been shown that the trial court was without jurisdiction ratione personæ.

[2, 3] As appears from the statement of the

case which precedes this opinion, plaintiffs objected to the offer of "the record," and "especially the judgment," in the suit for confirmation of title, on the ground, among others:

"That they were never made parties to said suit nor cited therein, although, at the time, they were residents of the city of New Orleans and well known to plaintiff in said suit."

As we have stated, the transcript discloses no ruling on that objection, nor any demand upon, or refusal by, the court to make a ruling, or any exception or reservation on the subject by plaintiffs. Neither, upon the other hand, does it disclose any attempt on the part of plaintiffs to prove the allegations above quoted, or either of them, though they were collaterally attacking a judgment which must be presumed to be valid until the contrary is shown.

Counsel for plaintiffs suggests that "the petition in the suit relied on as res judicata * * * is not sworn to," and that "no showing whatever was made to justify the appointment of a curator ad hoc." But he has pointed to no law requiring that the petition in such case should be sworn to, and he has made no attempt to prove, either that the judge a quo was informed, uninformed, or misinformed, as to the existence or whereabouts of the plaintiffs, and the bare record conveys no information to us on that subject save—

"that the former owners of said property, if alive, and their heirs and legal representatives, if they be dead, are unknown to him [petitioner], and likewise, their addresses are unknown."

Act 101 of 1898, under which the confirmation suit was brought, declares that:

"If the former proprietor [of the property, the title to which the purchaser from the state seeks to confirm] be a nonresident of the state, or be unknown, or his residence be unknown, the court shall appoint a curator ad hoc to represent him."

The act does not require the petition for confirmation of title to be sworn to, and, in the absence of proof to the contrary, the presumption is that the judge in this instance acted upon sufficient information, and that the curator ad hoc whom he appointed properly discharged the duties of his office. Stoner v. Flournoy, 28 La. Ann. 851; Cooley v. Seymour, 9 La. 276.

A judgment rendered without citation is, no doubt, absolutely void, and may be so treated whenever invoked, but the presumption is that a judgment rendered by a sworn officer is based upon the conditions required by law and is valid, and that presumption is not rebutted by the ex parte allegation (even though verified by his affidavit) of the party condemned, to the effect that he was not cited, or that some other legal requirement was omitted.

"So [says Mr. Cross] where judgment appears to have been rendered without citation, it devolves on plaintiff in the action of nullity, not only to allege the want of citation, but that he had not cured, by appearance or plea, the illegality of the citation. Bledsoe v. Erwin, 33 La. Ann. 615." Should be Stevenson v. Whitney, 33 La. Ann. 655.

"And so, where a curator and the court are charged with a culpable neglect of duty, the burden is on the plaintiff to prove the negative, that no attorney for absent heirs was appointed." Gibson v. Foster, 2 La. Ann. 503. See, also, Howell v. City of New Orleans, 28 La. Ann. 681.

In the instant case, the record shows that defendants (plaintiffs herein) were cited through a curator ad hoc, duly appointed, and that he appeared and answered for them.

Their remedy, therefore, was in an action of nullity, and not in the collateral attack which they are here attempting. C. P. 606, 607; Bell v. Francke & Danneel, 23 La. Ann. 599; Brigot v. Brigot, 47 La. Ann. 1304, 17 South. 825; Bruno v. Oviatt, 48 La. Ann. 471, 19 South. 464; Equitable Securities Co. v. Block, 51 La. Ann. 478, 25 South. 271.

The judgment appealed from is accordingly affirmed.