No. 2859

Second Circuit

———

BREAZEALE v. PETERS

———

(June 28, 1927. Opinion and Decree.)
(June 30, 1927. Application for Rehearing.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Judgment—Par. 100, 125, 129.**

Where citation was through a curator ad hoc, the condemned must prove the non-existence of the condition authorizing the appointment of such curator, and this must be raised in an action to annul and not in a collateral attack on the judgment.

Code of Practice, Art. 606; Hamburger vs. Purcell, 139 La. 455, 71 South. 765.

Appeal from the First Judicial District Court of Louisiana, Parish of Bossier. Hon. E. P. Mills, Judge.

Action by W. O. Breazeale against Joe Peters.

There was judgment for defendant and plaintiff appealed.

Judgment amended.

Frank A. Blanchard, of, Shreveport, attorney for plaintiff, appellant.

Harry V. Booth, of Shreveport, attorney for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. This is an action of trespass to recover damages in the sum of $1390.75 for the alleged illegal seizure and sale of plaintiff's property.

The petition alleges that the seizure and sale were under a fi. fa. issued upon a judgment rendered by, the City Court of Shreveport, Louisiana, in an action brought therein by defendant against him and wherein he was cited through a curator ad hoc.

It is further alleged that plaintiff—

"had no notice of said suit or seizure and had no knowledge that his property had b'een seized until long after the same had been sold.",

and further,

"that said seizure and sale was illegal and that the affidavit supporting said seizure was false and untrue."

Defendant filed an exception of no cause of action, which was overruled, and, reserving its rights under the exception defendant answered denying the allegations of the petition and alleging that the proceedings under which plaintiff's property was seized and sold were regular and according to law.

The case was tried on the merits and there was judgment in favor of the defendant rejecting plaintiff's demand and dismissing his suit and plaintiff has appealed.

## OPINION

The petition does not allege that defendant was not cited in the action wherein his property was seized and sold or that the court was without jurisdiction ratione materiae or any other fact rendering the proceeding void; it merely alleges that the plaintiff had no notice of the seizure or sale until after the sale had taken place, which is not an allegation of want of citation.

It is possible for a defendant to be legally cited through domiciliary service or through a curator ad hoc or other legal representative without his being aware of the pendency of the suit.

The presumption is that a judgment rendered by a sworn officer is based upon the conditions required by law, and that presumption is not rebutted by an allegation that defendant in the suit had no notice of its pendency.

Hamburger vs. Purcell, 139 La. 456, 71 South. 765.

In our opinion the exception of no cause of action is good and should have been sustained.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended and that the exception of no cause of action be sustained and plaintiff's suit dismissed at his cost.