168 So. 310

**LOGWOOD v. LOGWOOD.**

No. 33806.

March 30, 1936.

Rehearing Denied April 27, 1936.

2

Richard A. Dowling, of New Orleans, for appellant.

Fred. G. Veith, of New Orleans, for appellee.

ROGERS, Justice.

Lavinia Gibbs and Benjamin Logwood were married in New Orleans on August 19, 1918. On December 6, 1927, Benjamin Logwood, alleging seven years living separate and apart from his wife, obtained a judgment of divorce in the civil district court for the parish of Orleans. This judgment was signed on December 12, 1927. On January 12, 1928, Benjamin Logwood married Louella Benedict, with whom he lived until his death on March 12, 1932. This marriage also took place in New Orleans and was duly registered in Marriage Book 51, folio 387 of the Records of the City Board of Health. On January 25, 1935, Lavinia Gibbs Logwood brought this suit against Louella Benedict Logwood to have decreed null the marriage of defendant with Benjamin Logwood. The suit is predicated on article 116 of the Civil Code and is the result of the claim for the government pension filed by each of the parties as the surviving widow of the deceased veteran, Benjamin Logwood. As the basis for her demand for the nullity of the marriage between Benjamin Logwood and Louella Benedict, plaintiff alleges that she was never cited nor served with the petition in the divorce suit; hence, she was never legally divorced and the alleged judgment of divorce is an absolute nullity. Defendant filed 'an exception of no cause of action and a plea of one year's prescription to plaintiff's suit. Both pleas were overruled. Defendant then answered, denying the alleged want of citation and service and that the judgment of divorce obtained by Benjamin Logwood against plaintiff was not a valid judgment. This appeal is by the defendant from a judgment in plaintiff's favor, annulling the marriage between Benjamin Logwood and the defendant, Louella Benedict. Although not prayed for in her petition, plaintiff has answered the appeal

and asked that the judgment be amended by annulling the divorce obtained against her by Benjamin Logwood.

■ It is settled by ample authority that a judgment rendered against a party who has not been cited and who has not appeared is an absolute nullity, which can be invoked, not only by such party, but also by any one interested. Bledsoe v. Erwin, 33 La.Ann. 615; Hamburger v. Purcell, 139 La. 456, 71 So. 765.

■ But it is also well settled that as against a collateral attack on a judgment of a court of general jurisdiction, it will be presumed, unless expressly contrary to what is shown by the record, that legal and proper process was issued in the action and that it was duly and regularly served upon the defendant. Verbo, "Judgment," 34 C. J. § 842, pp. 541, 552. See, also, Hamburger v. Purcell, supra.

All the interested parties lived in the city of New Orleans and within the jurisdiction of the civil district court for the parish of Orleans, which is a court of general jurisdiction.

Unquestionably, the defendant Louella Benedict Logwood acted in good faith in marrying Benjamin Logwood, relying on the judgment of the civil district court decreeing a divorce between Logwood and the plaintiff, Lavinia Gibbs Logwood. Therefore, her marriage to Logwood ought not be annulled unless it be shown by the clearest and most convincing evidence that the judgment of divorce is invalid.

The record in the divorce suit discloses that the original petition was filed in the civil district court for the parish of Orleans on September 20, 1927. In the title of the suit and in the petition, plaintiff's name was given as Benjamin Longwood and defendant's name was given as Mary Johnson. It appears also from the record that the defendant therein used indifferently the names of Mary Johnson and Lavinia Gibbs, and that even her husband was uncertain as to her correct name. On September 30, 1927, plaintiff filed a supplemental and amended petition to correct the title of the suit. As shown by the sheriff's return, a copy of this petition and accompanying citation were served personally on Louvenia Johnson, wife of Benjamin Longwood. On December 1, 1927, a default was regularly entered, and on December 6, 1927, the default was regularly confirmed and judgment of divorce granted. The judgment was signed on December 12, 1927. On June 30, 1930, Benjamin Logwood, through his attorney, filed a rule against Lavinia Gibbs Logwood to have the judgment corrected so as to set forth correctly the names of the parties thereto. According to the sheriff's return a copy of the rule was served personally on Lavinia Gibbs Logwood on June 21, 1930. This rule was made absolute and judgment rendered thereon on June 27, 1930. The judgment on the rule was signed on July 3, 1930. Among the papers on file in the record is a citation dated September 20, 1927, addressed to Mary Johnson, wife of Benjamin Longwood, which citation and an accompanying petition, according to the sheriff's return, were served personally on Mary Johnson, wife of Benjamin Longwood, on May 9, 1930. This citation is not explained either in the divorce

suit or in this suit. However, it is clearly not the citation upon which the judgment of divorce was rendered, not only because it was served subsequently, but also because the note of evidence on which the default was confirmed shows that the citation and petition were served on the defendant on November 19, 1927.

The plaintiff testified that she was not served with any process in the divorce suit and that she did not discover until after his death that her husband had been granted a divorce from her. We think that plaintiff is clearly mistaken in testifying that she had no knowledge of the divorce. The record shows that on January 25, 1928, which was thirteen days after Benjamin Logwood married Louella Benedict, the plaintiff, Lavinia Gibbs Logwood, made an affidavit in the criminal district court for the parish of Orleans charging Benjamin Logwood with bigamy, because of his marriage to Louella Benedict. Predicated on this affidavit, the district attorney filed an information for bigamy against Logwood. Three days later, namely, on January 31, 1928, the district attorney entered a nolle prosequi, indorsing on the record that the "defendant (Logwood) obtained a divorce from his first wife before marrying his second wife. See in Civ. Dist. Court." Although plaintiff testified that she never knew the charge of bigamy had been dismissed, she admitted that after making the charge she failed to follow it up for the ensuing five years, notwithstanding she knew Louella Benedict personally and knew that she and Benjamin Logwood continued to live together after the charge was filed.

Plaintiff's testimony is incredible. It is wholly contrary to the principles of human nature, developed in universal experience, that a person will use reasonable diligence to vindicate a right or to avenge a wrong. We are satisfied that the reason why plaintiff failed to press her charge of bigamy against Benjamin Logwood was because she was informed by the district attorney of the divorce Logwood had obtained against her.

While plaintiff testified that she was not served with citation and a copy of the supplemental and amended petition to correct the title to the suit and with a copy of the rule to correct the judgment of divorce with respect to the names of the parties, the serving officers testified that, owing to the lapse of time, they were unable to recollect the party on whom the service was made. The fact that the serving officers could not at the time they testified recall the acts of service is only natural and does not confirm plaintiff's testimony that she was not served. The further fact that the supplemental and amended petition may have been served at No. 816 Tchoupitoulas street, where it is contended plaintiff never lived, is not of itself corroborative of plaintiff's testimony that she was not served with the process, since the service was personal and not domiciliary, and it is not conclusively shown that she was not as a matter of fact personally served as shown by the sheriff's return.

The official returns of service of process by public officers are presumed to be correct, and the burden of proof rests upon

those who attack them. This burden can only be discharged by clear and convincing proof. De St. Romes v. Carondelet Canal & Nav. Co., 24 La.Ann. 331; Sims v. First Nat. Bank, 177 La. 386, 148 So. 505.

In accordance with the rule requiring clear and convincing proof to overcome a return of process, it cannot be impeached by the unsupported testimony of the party upon whom service is stated by the officer to have been made, or of another single witness, even though the officer fails to recall the service. 50 C.J. p. 579.

The note of evidence appearing in the divorce suit shows that on the confirmation of the default the petition, citation, and sheriff's return thereon showing service on the defendant on November 19, 1927, were specifically referred to and offered in evidence. To assume that the recitals of the note of evidence are incorrect and that the judge of the district court proceeded to render a judgment of divorce, without determining that the defendant had been properly served, would involve the presumption that the judge had failed to do his duty. Such a presumption is never indulged.

The record discloses that after his second marriage and for many years prior thereto, plaintiff never lived with Benjamin Logwood. Under the name of Mary Johnson, plaintiff operated for own account a small restaurant or shop. On the other hand, after her marriage to Benjamin Logwood, the defendant, Louella Benedict, lived with Logwood until he died. For several years prior to his death, Logwood

was an invalid. Except for the time that he was confined to the Veterans' Hospital, at Alexandria, La., he was supported and cared for by his second wife, Louella Benedict Logwood. He died at and was buried from their matrimonial domicile. Louella Benedict Logwood attended his funeral, but, apparently, Lavinia Gibbs Logwood did not.

Although plaintiff made an affidavit on January 25, 1928, that the marriage of Benjamin Logwood and Louella Benedict was a bigamous marriage, she did not take any steps to have it annulled during the lifetime of Logwood. It was only after his death, and admittedly for the purpose of claiming the pension that might be due from the United States government, that she filed this suit to annul Logwood's second marriage, about seven years after the marriage was celebrated.

Plaintiff's conduct is wholly inconsistent with her pretensions. Her long delay in prosecuting her claim of nullity, which is not satisfactorily explained, must be weighed against her in considering her testimony. It is a highly suspicious circumstance that she withheld her suit until after the death of Benjamin Logwood, who might, and doubtless would, have testified against her. Plaintiff's course of conduct, and the long lapse of time can only strengthen the presumption in favor of the validity of the judgment of divorce.

For the reasons assigned, the judgment appealed from is annulled and plaintiff's suit is dismissed, at her costs.

O'NIELL, C. J., absent.