McBRIDE, Judge.
This is an action of nullity directed against a default judgment for $15,000, rendered by the Civil District Court for the Parish of Orleans on October 5, 1956, and signed on October 11, 1956, in favor of Edward Stewart in proceedings No. 347-876 of said court (consolidated herewith), against George F. Purcell, Camille Hopkins Purcell, and Sonny Purcell, defendants therein, in solido. Said judgment debtors, plaintiffs herein, base their demand for nullity upon the allegations that citation was not served upon them and further that the preliminary default in said proceedings was not taken in accordance with law.
Defendant Stewart makes denial of the asserted grounds for nullity, and he now appeals from a judgment of the lower court in favor of George F. Purcell and Sonny Purcell annulling his judgment as against them on the ground there was want of service and citation. The nullity action, insofar as Camille Hopkins Purcell is concerned, was dismissed, but she has taken no appeal.
The question whether the preliminary default was properly taken need not be discussed in view of our conclusion in the case.
*906 George F. Purcell and Camille Hopkins Purcell are husband and wife, and Sonny Purcell is their major child. Stewart’s cause of action against them sounded in tort and he claimed $312,811.20 for bodily injuries allegedly inflicted upon him in a brawl. The three Purcells resided at 2206 Tulane Avenue. George F. Purcell is the owner of the Dee & Dee Bar which is located at 2202 Tulane Avenue in another building. The citations were erroneously addressed to the parties at 2212 Tulane Avenue, and when the deputy sheriff went to that address in order to make service, he ascertained that the parties could be located in the above-mentioned barroom whence he proceeded.
Personal service on the three Purcells was supposed to have been made August 24, 1956, at 10:30 o’clock a. m., in the barroom. The verity of the sheriff’s return showing personal service is under bitter attack. Mrs. Purcell testified that all three citations were served upon her and at a time when her husband and son were not present. The father and son also deny their presence and emphatically say they were never at any time served with the papers, each claiming he was at work. Substantial corroboration for these statements emanates from a Mrs. Cerise, a man named Lasalle, and Walter Purcell, who is the brother of George F. Purcell. These witnesses testified they were present in the barroom and saw the process server hand the papers to Mrs. Purcell and that at the time her husband and son were nowhere in the place.
The evidence shows that George F. Purcell for the past fifteen years has been employed as superintendent by a sheet metal works and his wife operates the barroom during daytime hours. The general manager for the employer appeared in court and testified the company records show that on the day and at the time the alleged service was made Purcell was on duty with the employer. In support of his testimony the general manager produced time sheets and these do show that Purcell worked from 8 o’clock in the morning until 4:30 in the afternoon on the day in question.
So much for the evidence attacking the sheriff’s return.
The deputy sheriff, Castiglione, appeared as a witness on Stewart’s behalf and gave some remarkable testimony. After learning the persons he was interested in seeing could be located at the barroom, he proceeded there and found Mrs. Purcell behind the bar, that her husband, George, was standing at the bar about 20 feet removed, and that Sonny was in a back room. He states that when Sonny came from the back room he attempted to hand the papers to him, and Sonny, who was in a hurry to get out of the place, said: “Give them to Mama.” The deputy further stated George F. Purcell also told him to give the papers to his wife, whereupon he handed all three citations to Mrs. Purcell who told him “she would take care of all of it.” Castiglione felt that under these circumstances it was proper to make a return showing personal service.
More remarkable still is the manner in which the return was executed. Castiglione states a rubber stamp is used to make a return, which contains certain blanks to be filled in stating the nature of the service and other data required by law. The rubber stamp impression was made upon the reverse of the three duplicate citations but Castiglione signed the return before the blanks were filled in. He does not even know who filled out the blanks or when the information therein was inserted.
It is too well settled to require citation of authority that a judgment rendered against a party who has not been cited and who has not appeared is an absolute nullity which can be asserted not only by such party, but also by anyone interested.
We are aware that the return of a disinterested officer on judicial process is always clothed with the presumption that it is correct and the return, which should not *907 be lightly taken, cannot be overthrown except on clear and convincing evidence that its recitals are erroneous. Logwood v. Logwood, 185 La. 1, 168 So. 310; Sims v. First Nat. Bank of Ruston, 177 La. 386, 148 So. 505; Smith v. Crescent Chevrolet Co., Inc., La.App., 1 So.2d 421; Wright v. Peters Furniture Co., Inc., La.App., 153 So. 548.
But we believe in view of the unusual circumstances attached to this case plus the frank admissions of the deputy sheriff, it is proper to hold that George F. ■Purcell and Sonny Purcell were not present and consequently not cited and that the judgment against them for that reason is null, void and without effect whatsoever. We could never understand why the deputy would have handed all three citations to Mrs. Purcell if her husband and son had been present. Castiglione had been a process server for more than three years and his experience should have dictated that such procedure was of an unusual nature. It appears he subsequently quit his job with the sheriff because his route was too large and it would seem to us, with reference to the citations in question, in his zeal to cover the route he took a short cut in the performance of his official duties.
Alternatively, Stewart contends that the service of George F. Purcell’s citation on Mrs. Purcell, who tended the bar, was sufficient under LSA-R.S. 13:3471(11) which reads:
“Any person engaged in commercial business may be served in all matters connected with said business in the parish where the business is carried on, or at his legal domicile, as desired by the party controlling the suit or process; and for the purpose of service upon commercial and ordinary partnerships, they shall be considered as having their domicile where the partnership carries on its business, notwithstanding all or some of the partners. may reside elsewhere, and in any of said cases,- service may be made at the legal domicile of that of the members of the partnership, or of any one of them.”
It takes no more than a mere reading of said statutory provision to sufficiently demonstrate the invalidity of the alternate contention.
All that the first part of said section means is that a person who conducts a commercial business in one parish and is domiciled in another may be served in all matters connected with his business in the parish where the business is carried on, or in the other parish in which he has his legal domicile. There was no partnership between the husband and wife as the law is plain that the husband and wife, if there be a community and, it seems, if there be none, cannot be commercial partners. See Verbo, “Marriage,” § 52, p. 495, Dart’s New Louisiana Digest.
For these reasons, the judgment appealed from is affirmed.
Affirmed.