TATE, Judge
(concurring).
With some reservation I concur in the holding that, under the pleadings, the debtor cannot prove he did not receive notice of seizure required by law, LSA-C.C.P. Art. 2721.
The narrow basis of the majority holding is that the evidence attacking the return because not served on the debtor personally is not admissible, since the allegation of the petition attacked service of the notice of seizure on other grounds (i. e., that it had not been served at the debtor’s domicile or residence). Strictly construing the pleadings, this technical ruling may be correct.
However, from the colloquy of counsel and offer of proof, the following facts were tendered: The debtor never received notice of the service of the notice of seizure. The sheriff’s return is in error in this regard, as the serving deputy sheriff himself would admit. The deputy sheriff had informed the debtor that he had made domiciliary service on the debtor at the residence in Calcasieu Parish occupied by the debtor’s estranged wife, but the debtor himself had moved to Baton Rouge.[1] Tr. 67-69.
If the question is properly pleaded, as a higher court may hold, it may be appropriate to suggest, for purposes of such further appellate review, that a defendant in a deficiency judgment proceeding may always contradict a sheriff’s return falsely showing personal service upon him.
The trial court felt that such a collateral attack upon a sheriff’s return was barred by LSA-R.S. 13:3471(5) (as amended in 1960).[2] This enactment provides that the return of a serving officer is conclusive unless directly attacked in the proceedings involved; otherwise, it may be attacked only in a direct action “to annul the judgment.”
In the first place, the statute does not bar an attack on a sheriff’s return in an executory judgment proceedings, where the seizure and sale is made “without previous citation and judgment” LSA-C.C.P. Art. 2631. The first opportunity a debtor has to contest the lack of notice of seizure (the only notice whatsoever to the debtor of the seizure and sale) is where the deficiency judgment is sought. Further, in the instant case, the present action for a deficiency judgment is a continuation under the same docket number of the original executory proceedings, converted into an ordinary proceeding for the deficiency judgment. LSA-C.C.P. Art. 2772. Thus, *326 on its face, the statute is not applicable to the present proceedings, since this attack is made before any judgment has been rendered.
Additionally, even in ordinary proceedings, the enactment (now LSA-R.S. 13:3471 (5) ) GMAC relies upon has been held to apply to attacks upon defects in returns, but not so as to prevent collateral attacks founded upon the complete absence of citation. Dickey v. Pollock, La.App.2d Cir., 183 So. 48, 50. This is in accord with the general rule that, collaterally or otherwise, a party is permitted to show at any time that a judgment rendered against him is an absolute nullity, because rendered without citation or service. Wilson v. King, 227 La. 546, 79 So.2d 877; Simpson v. Hope, 23 La.Ann. 557 (1871); Key v. Jones, La.App.2d Cir., 181 So. 631.[3] See also Official Comments (e), LSA-C.C.P. Art. 2002(2).
I might suggest that the statute could not, in my opinion, be valid under our constitutions if interpreted to mean that, despite the complete absence in fact of service and citation, a sheriff’s return falsely showing same is the basis for a valid and enforceable judgment, which may be set aside only after the long delays of a direct action to annul such absolute nullity.
The decisions above cited show that a judgment rendered without any actual or constructive notice and without citation is an absolute nullity which may be ignored or collaterally attacked. See also LSA-C.C.P. Art. 1201, providing that in ordinary proceedings citation and service are essential and that “Without them all proceedings are absolutely null.”
We should reiterate once again that what is at issue here is a suit for a deficiency judgment, after a seizure and sale was made under executory process of the debtor’s property. This seizure and sale is held without judgment and without citation. LSA-C.C.P. Art. 2591. Executory process is a harsh remedy, and there must be strict compliance with provisions of law authorizing it. Myrtle Grove Packing Company v. Mones, 226 La. 287, 76 So.2d 305; Ford Motor Credit Co. v. Samec, La.App.2d Cir., 227 So.2d 164.
To hold that, in a suit for a deficiency judgment, a debtor cannot prove — at least, if properly alleged — that he received no notice at all of the seizure, seems to me to fly in the face of the rationale of the recent decision in League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762, Noted, 29 La.L.Rev. 405 (1969). There, the Supreme Court held that a debtor could defend against a deficiency judgment by raising procedural defenses which, if timely raised in the previous executory proceedings, would have prevented the sale under executory process. The court overruled prior expressions under which the debtor was estopped from later raising procedural irregularities, if he did not enjoin or suspend the sale.
The court’s rationale was in part based upon the exceptional character of the remedy afforded the creditor by execu-tory process, by which he can seize and sell propery without previous citation and judgment, LSA-C.C.P. Art. 2631. It is also based upon the strong legislative public policy against deficiency judgments, unless procedural formalities are complied with, LSA-R.S. 13:4106-07.
In League Central, the debtor was permitted to defeat a deficiency judgment by showing a relatively technical defect in the acknowledgment, even though he had failed to raise it as defense to the prior sale under executory proceedings. Under its rationale, the debtor must be permitted to defend against a deficiency judgment by *327 showing that he had not been served with the notice of seizure mandatorily required by law, the only notice to the debtor of the seizure and sale. In the present case, the notice of seizure also included the only notice to the debtor to appoint an appraiser, also required by law LSA — R.S■ 13:4363. These are much more serious defects than the slight irregularity permitted by League Central to defeat the deficiency judgment.
For these reasons, if properly pleaded, the writer feels that the debtor can defend against a deficiency judgment by proving that he had no actual or constructive service of the notice of seizure required by law, LSA-C.C.P. Art. 2721, despite a sheriff’s return falsely showing to the contrary.

. Thus, under the debtor’s appreciation of the facts, the allegation of the petition was in effect alleging no service at all of the notice of seizure. Domiciliary service requires that it be made at the “dwelling house or usual place of abode”, i. e., the actual residence. LSA-C.C.P. Art. 1234. Service upon an estranged wife when the husband has established a new actual residence is simply not reasonably calculated to afford notice and thus does not constitute domiciliary service. 29 La.L.Rev. 290-91 (1969).

. LSA-R.S. 13:3471(5) as amended in 1960, provides:
“The return of the serving officer on any citation or other legal process is conclusive, unless directly attacked. Such an attack may be made by rule in the action or proceeding, if made prior to judgment. If made after judgment, the return may be attacked only in a direct action to annul the judgment, which may he brought in the original action or proceeding.
“If the defendant was actually served, the court may correct an error in the return by an amendment thereof, on a rule brought against and tried contradictorily with the defendant who was served, or any other party who may be affected by the amendment.”
With changes in verbiage not here material, this repeated provisions of our law found in La.Act 179(18) of 1918.

. Nevertheless, in view of the presumption of correctness of the officer’s return, the party impeaching it bears a heavy burden of doing so by clear and convincing evidence consisting of more than the uncorroborated testimony of a single witness. Logwood v. Logwood, 185 La. 1, 168 So. 310; Mid-States Insurance Co. v. Ward, La.App. 4th Cir., 187 So.2d 530.