715 So.2d 1224 (1998)
The FOLGER COFFEE COMPANY
v.
Roy W. HALL and Helen Hall.
No. 97-CA-2472.
Court of Appeal of Louisiana, Fourth Circuit.
June 24, 1998.
Ford J. Dieth, Marsha B. Martin, Dieth and Martin, New Orleans, for Appellants Roy and Helen Hall.
Dominic J. Gianna, John D. Person, Marlene Quarles, Middleberg, Riddle & Gianna, New Orleans, for Appellee The Folger Coffee Co.
Russell M. Cornelius, Cornelius, Sartin & Murphy, New Orleans, for Intervenor/Appellant T.T.C., Inc.
Peter C. Rizzo, New Orleans, for Amici Paul R. Valteau, Jr..
Before BARRY, BYRNES and WALTZER, JJ.
BARRY, Judge.
The trial court annulled a personal injury judgment against The Folger Coffee Company due to insufficient service of process. The plaintiffs in the personal injury suit appeal. We hold there is a genuine issue of fact concerning whether service of process was effectuated on Folger through its agent for service of process, CT Corporation System. Therefore, Folger was not entitled to summary judgment in the nullity action. We vacate the summary judgment and remand for further proceedings.

Facts
On October 10, 1995 Roy and Helen Hall sued Folger for injury allegedly sustained by Mr. Hall at the Folger plant in New Orleans. The petition requested service on Folger through its agent for service of process, CT Corporation System in Baton Rouge. The sheriff's return indicates that service was made on CT Corporation System on November 1, 1995. A preliminary default against Folger was entered on January 24, 1996, and a default judgment was rendered July 15, 1996.
Folger appealed and filed this separate suit to annul the default judgment based on insufficient service of process. This Court stayed the appeal (No. 96-CA-2146) pending disposition of the nullity action.
In the nullity action, Folger moved for summary judgment. It submitted affidavits that no CT Corporation System employee recalled receiving service of the citation and petition in the Hall suit; the business records of CT Corporation System did not reflect service of process against Folger; Folger did not receive the citation and petition and did not waive service of process. The trial court granted summary judgment and annulled the default judgment. The court's reasons stated that although the return of service was presumed correct, Folger rebutted that presumption with affidavits showing that CT *1225 Corporation was not served and that Folger did not receive the service documents.

Summary Judgment
The Halls argue summary judgment is improper because whether service was made is a genuine issue of fact. That argument has merit.
Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment is favored and shall be construed to secure the just, speedy and inexpensive determination of the action. La. C.C.P. art. 966(A)(2). However, the mover still has the burden of proof. La. C.C.P. art. 966(C)(2). If a genuine issue of fact remains, summary judgment must be rejected.
The pivotal issue is this case is factual: whether service of process was effectuated on Folger through CT Corporation System. Folger acknowledges that the return of service is presumed correct. Purcell v. Stewart, 131 So.2d 905, 906 (La.App. 4th Cir.1961). It submits, however, that it rebutted that presumption.
In support of its motion for summary judgment, Folger submitted numerous affidavits and attachments, including affidavits of five employees of CT Corporation System.
Mary Belton, office manager of CT Corporation System's Baton Rouge office, stated that when process is served on a CT Corporation customer (such as Folger) by delivery of process to CT Corporation System, a CT employee immediately makes a computer record of the process received. That same day the employee prepares a letter to the customer and delivers the letter and attached documents to a courier (such as Federal Express) for delivery to the customer. The only record that CT Corporation System has of the service and delivery is the computer copy of the transmittal letter and the computer record showing service on CT Corporation System. Ms. Belton searched CT Corporation System records and concluded that no CT employee received citation and petition directed to Folger between January 1, 1994 and August 20, 1996. She determined that on November 1, 1995, 74 services of process were made on CT Corporation customers, none of which was Folger. The computer list of those services was attached to her affidavit.
Belton's statement was corroborated in affidavits of four other CT employees whose duty it was to receive process, Judy Fritsch, Michelle Cullen, Parrish Ritchie, and Shawna Smith.
Folger also relied upon affidavits of two employees of Procter & Gamble Company in Ohio, Linda Rohrer and David L. Grayson. They stated that Folger is a wholly owned subsidiary of Procter & Gamble. Every service of process made on Folger through CT Corporation System in Baton Rouge between October 10, 1995 and August 12, 1996 was received by Procter & Gamble. During that time Procter & Gamble and Folger did not receive citation and petition directed to Folger through CT Corporation System.
Folger also attached affidavits by two Deputy Sheriffs for East Baton Rouge Parish, Nora McGee and Harvey Thompson. Those affidavits described the procedure used by that office for service of process through CT Corporation System.
In opposition, the Halls submitted affidavits of four deputy sheriffs including Deputies McGee and Thompson. Those affidavits did not show that CT Corporation System records reflect receipt of the citation and petition in the Hall suit and did not show that a CT employee recalls receiving process. However, the Halls maintain that is not conclusive.
The affidavits submitted by the Halls described in detail the Sheriff's Office procedure for service of process and attached documentary evidence that is probative of the central issue.
In 1995 Deputies McGee and Thompson worked together to effectuate service of process on CT Corporation customers through CT Corporation System. In the regular course of her work, Deputy McGee counted the services; stamped the date and time on the original and return copies; detached the return copies; created two piles, one for return papers and one for original papers; *1226 counted the two piles to ensure they contained equal numbers of papers. She then typed pertinent information from the returns onto a log sheet. A copy of that log dated November 1, 1995 is attached to her deposition and reflects the Hall suit against Folger, No. 95-15166. Deputy McGee then placed two or three large rubber bands around the pile of service papers to secure them vertically and horizontally, and placed them in a basket for delivery to CT Corporation. She then counted the log entries against the number of returns to ensure they were equal.
Deputy Thompson's affidavit states that in the regular course of his work he retrieved the bundle and delivered it to CT Corporation System. The returns remained at the Sheriff's Office. After delivery of the bundle to CT Corporation System, he returned to the Sheriff's Office, advised Deputy McGee that service was made, and he executed the returns. The completed return for the Hall suit is in the record. A copy of the log entry is also attached to Deputy Thompson's affidavit.
The affidavits and documents submitted by Folger and the Halls are in direct opposition. Folger's evidence tends to show service was not made; the Hall's evidence tends to show service was made. A genuine issue of fact remains on the pivotal issue in this case. Therefore, we vacate the summary judgment and remand for further proceedings. The remaining issues are pretermitted.
JUDGMENT VACATED; REMANDED.