## GENTILE, Administrator v. FOLEY, Administrator.

A judgment of interdiction, executed nearly thirty years previously, in the presence of the party interested, and of his wife and relations, without any kind of opposition, and under which property has been purchased by third persons in good faith, will not be annulled because no record evidence of citation or of the appearance of the party is to be found in the office where it should have been preserved. *Per Curiam :* In consequence of the notorious want of care in the preservation of the public records in the country parishes, the absence of such record evidence, when applied to ancient proceedings, raises but a remote presumption, and one which must be held subordinate to the violent legal presumption that, the judge before whom the proceedings were had did his duty.

After twenty years, there is a presumption in favor of every judicial tribunal, acting within its jurisdiction, that all persons concerned had due notice of its proceedings.

APPEAL from the District Court of Assumption, *Randall,* J. *W. Hall,* for the appellant, cited *Bernard* v. *Vignaud,* 1 Mart. N. S. 9. *Stafford* v. *Stafford,* Ib. 551. *Segur* v. *Pellerin,* 16 La. 67. *Beatty,* for the defendant, cited C. P. 612. *Lalanne* v. *Moreau,* 13 La. 431. *Ball* v. *Ball,* 15 La, 177. Code of 1808, book 1, tit. 9, p. 80. The judgment of the court was pronounced by

ROST, J. In 1818, *François Hébert,* being then a married man, was interdicted by a judgment of the Court of Probates. *Joseph Hébert,* his brother, was appointed his curator, and caused a judicial sale of all his property to be made. No opposition was ever made to the proceedings, nor to the sale of the property by the wife of *François Hébert,* by himself, or by any of his relations. In 1844, he died, and the plaintiff was appointed administrator of his succession. Soon after *Joseph Hébert* also died, and the defendant is the administrator of his succession. The plaintiff sues him in that capacity to annul the judgment of interdiction, on the ground that *François Hébert* was not cited,

that he was not represented in the proceedings, and that the evidence on which     GENTILE
the judgment was rendered was received *ex parte*. The judgment in the          *v.*
court below was for the defendant, and the plaintiff appealed.                      FOLEY.

We take the curatorship of minors and persons insane to be a personal trust,
which does not descend to the legal representatives of the curator after his
death. His succession is liable for all damages resulting from maladministra-
tion; but we are not prepared to say that his administrator has capacity to stand
in judgment in a case like this. If he had capacity, we could not, under the
rules of evidence by which the courts of this State have been governed ever
since the country became an integral part of the United States, annul, at this
late day, an executed judgment on the grounds alleged. *Tagiasco et al.* v.
*Molinari's Heirs*, 9 La. 512.

The only evidence of the want of citation and appearance is that, no record
evidence of these facts can now be found in the office where it should have
been preserved. We have said, in similar cases, that, in consequence of the
notorious want of care in the preservation of public records in the country
parishes, evidence of this description, when applied to ancient proceedings,
raises but a remote presumption, which we would hold to be subordinate to the
violent legal presumption that, the judge before whom those proceedings were
had did his duty. *Gibson* v. *Foster and Reese*, 2 Ann. Rep. 503.

After twenty years, the presumption is made in favor of every judicial tri-
bunal acting within its jurisdiction, that all persons concerned had due notice
of its proceedings. 1 Greenleaf, Evid. no. 19. *Brown* v. *Wood*, 17 Mass. 68.
The judgment in this case was executed nearly thirty years ago, in presence
of the party interdicted, his wife and his relations, without opposition of any
kind. The purchasers of the property sold under it have paid for it in good
faith; and it is our duty to presume, against mere probabilities, that the law
was complied with in its rendition, if not strictly in form, at least in substance.

*Judgment affirmed.*