No. 12,269.

ANHEUSER-BUSCH BREWING ASSOCIATION vs. JAMES McGOWAN.

The defendant had waived citation, but not the legal delays. The default was prematurely entered.

There was nothing irregular about the waiver of the citation and nothing to give rise to a presumption that the defendant confessed judgment, or admitted the correctness of the demand.

The court had jurisdiction. A judgment can not be impeached in any collateral proceedings on account of errors or irregularities not jurisdictional.

A premature judgment by default was not an absolute nullity.

In this suit by the wife against the husband for separation of property, there was nothing to show that the judgment was procured with fraudulent intent. The inactivity and silence of the husband, in the matter of irregularities in the case, has no greater effect than such conduct of any other debtor sued would have. There was nothing done in contravention of a prohibitory law (whose chief object is public utility), from which individuals can not derogate.

The irregularity did not go to the jurisdiction; the judgment was, therefore, not assailable collaterally, although procured by the wife against her husband. Objection to "defect of form," not jurisdictional, could not be urged in the intervention proceedings.

APPEAL from the Civil District Court for the Parish of Orleans. *Théard, J.*

———

*Bernard Titche, D. B. H. Chaffe* and *John Dymond, Jr.*, for Plaintiff, Appellee.

———

*Farrar, Leake & Lemle* and *Thomas J. Semmes* for Mrs. Mary McGowan, Third Opponent, Appellant.

———

Argued and submitted February 1, 1897.
Opinion handed down February 15, 1897.
Rehearing refused April 12, 1897.

———

The opinion of the court was delivered by

BREAUX, J. The plaintiff, in execution of its judgment against the defendant, caused the seizure of real estate to which his wife held title of record.

The defendant's wife intervened, setting forth that she was separate in property by judgment rendered in the suit styled Mary McGowan vs. James McGowan, husband, and claimed the property acquired in her name, with separate and paraphernal funds since the separation.

The plaintiff denied that she obtained a valid judgment against her husband decreeing her separate in property, because it was rendered on the confirmation of a default prematurely taken.

It appears that the plaintiff was a creditor of the defendant's husband before the date suit was instituted by the wife for a separation of property. This is not disputed by any one.

The facts are: In the suit for a separation of property, the defendant was not cited. He accepted service, waived citation, but did not waive the legal delays. The suit was filed on January 20, 1894; the plaintiff was authorized by the court to institute the proceedings for separation of property on January 22, 1894. A default was entered on the 25th of that month, and the judgment was rendered on the 7th of February following, on a motion to confirm the default.

The real estate under seizure was acquired by her since the separation. She bought it, she averred, with her own paraphernal funds.

The final paragraph of an agreement in the case reads:

"If the judgment of separation be held invalid the judgment on the whole case is to go against her (opponent) and the property seized is to be sold for account of the seizing creditors. If on the other hand it be in her favor, on that issue then the case shall be reinstated and be in the same position as if this agreement had never been entered into except as to the issue of separation."

The grounds of attack of the judgment are:

First, that it was a consent judgment.

Second, that it was an absolute nullity, because it was rendered on a default prematurely taken.

The wife, Mrs. McGowan, sought to meet the attack by urging that the nullity is not absolute, but relative, and that it can not be invoked collaterally by a plaintiff, a third person.

The court a qua decided that the judgment rendered in favor of the wife against her husband was an absolute nullity and the intervenor has appealed.

The plea urged by the plaintiff, that the husband consented to the judgment rendered in favor of his wife, is the first before us for our determination.

With reference to the acceptance of service and waiver of citation, it was not a waiver of delays for pleading; it did not authorize a judgment of default before the expiration of the ordinary ten days from the service of citation.

Under the clear terms of the law, as we interpret, it is as if suit had commenced by actual service of citation. Ordinarily there should not be given any greater effect to the acceptance of service,

particulırly when the delays are not waived, than if the suit had been commenced by citation and service of copy of the petition. It follows, then, that it is as if an actual service had been made instead of a waiver. Powlis vs. Cook and Goldstein, 28 An. 547.

We translate from Baudry-Lacantinerie, Vol. 3, p. 116: "A demand for a separation of property must be addressed to the court alone authorized to grant it. It can not result from any agreement between the spouses. This was the natural consequence arising from the immutability of conventions at time of marriage."

The wife's petition was, in the case before us, addressed to competent judicial authority. The decree was not based upon any agreement.

Passing to the default which was prematurely entered, the plaintiff insists that a judgment of confirmation of such a default was void, and that if it is not void, but voidable, it can not be the basis of any right against one who was a creditor at the date that it was obtained. The absolute nullity of the judgment *vel non* is the important question.

Where no notice, either actual or constructive, is given to a defendant, the decision rendered against him is void; if the decision was rendered before the delays have elapsed within which he was cited to answer, in our judgment the same result would follow. The court would not have been seized with jurisdiction.

It is different as to a default. The court had jurisdiction, although it was not taken and minute entry made as required. A judgment can not be impeached in any collateral proceeding on account of errors or irregularities, not jurisdictional. In our judgment the premature entry of a default is not an illegality going to the jurisdiction.

Jurisdiction had attached by the fact that there was of record a waiver equal in effect to the service of a citation and that the legal delays had elapsed when the judgment was rendered. Although the delays given in the citation had not elapsed, the Supreme Court of the United States in White vs. Crow, 110 U. S. 188, held that, in its opinion, the court, "having jurisdiction to render the judgment, and having rendered it, the law, when the judgment is collaterally attacked, will make all presumptions necessary to sustain it." Citing Grignon vs. Astor, 2 How. 319. "The defendant being in court was bound to take notice of its proceedings, and might have corrected

the error at any time during the term.'' Adhering to our own juris-
prudence, our views are not as far reaching. We think that citation
and delays expressed in the citation are needful to the court's juris-
diction.

We quote from the decision only because the reasoning applies here
with special force.

In a case in Iowa (Dorroh vs. Wilson, 26 Iowa, 116) the court
held upon the same principle as the case cited *ubi supra* that the
fact that the defendant was not served the number of days required
by law did not render the judgment void.

The defendant in the case before us was informed of the remedy
sought and the time and place where he was required to appear.

With reference to prematurity, in Mitchell vs. Allen, 14 P. 497,
498, it was held: '' A judgment thus rendered is irregular only. It
might have been set aside by motion or upon proceedings in error,
but the judgment is not vulnerable to a collateral attack.''

In this court Judge Martin, for the court, held that a defect in the
proceedings occasioned by the want of a judgment by default was
not an absolute nullity. Seymour vs. Cooley, 9 La. 72–79.

In the discussion of the issues this brings us to the question of
fraud.

It is settled that a creditor may, in a collateral proceeding show
that a judgment was procured through the fraudulent contrivance
of the debtor or complicity of both parties with a design to defraud
him. A dishonest and collusive ju 'gment is open to attack when it
comes in conflict with creditors. Fraud at no time can stand, even
robed in a judgment.

But we are not informed by the evidence in the case before us
that a judgment was confessed by the husband in favor of the wife,
or that it was procured with fraudulent intent. In either case the
judgment would be void against third persons to the extent of the
confession or the fraud.

. Lastly, the seizing creditor, conceding that the passive assistance
of the debtor would not be fatal in ordinary proceedings, urges that
the inactivity of the husband is fatal in cases of suits of separation
by wife against her husband, because of the express provision of the
Code, and that the law imposes upon the wife the burden of proving
the validity of her judgment, and for that reason a relative nullity
is as fatal as an absolute one.

It is well settled that the wife, to recover a judgment, must establish the facts upon which her demand is founded, by proof independent of any avowal of the husband. After she has recovered judgment against her husband his creditors may, *in loco debitoris*, if the judgment is prejudicial to their interest, assail the judgment collaterally. They are not concluded by the evidence upon which it was rendered. Powlis vs. Cook, 28 An. 546.

If there is one opinion extending that principle to the irregularities of a judgment it has escaped our researches.

We mean by irregularity, at this point, mistake in the rendition or entry of a judgment, as when, for instance, no default had been previously entered.

Although the law, quite properly, seeks to shield the rights of creditors in matter of the separation of property between the husband and wife, it has never differenced the effect of the inactivity of the husband, when sued, from that of any other debtor when sued. Why should the wife's right in this respect, in the absence of a positive law, be less than the right of any other creditor? His inaction is not *in se* an error, in so far as relates to jurisdiction, or a wrong in so far as he is personally concerned.

There was nothing done or omitted in contravention of a prohibitory law in which the pain of nullity is provided for its infraction.

There was nothing done or omitted in contravention of a prohibitory law, silent as to possible resulting nullity.

There was nothing done or omitted in antagonism of law in a matter of public interest, or in a matter involving a question of good conscience.

In France the following principle is controlling: "Aucun exploit ou acte de procedure ne pourra être declaré nul si la nullite n'en est pas formellement prononcé par la loi." Bouvier, Code de Procedure, p. 61.

It is true that framers of our Code have not adopted the method of the Napoleon Code on this subject, but chose in lieu the principles of the fathers of the civil law as set forth in their maxims; under which it has been held that acts in contravention of law, when in a matter of public interest, are null. In a matter of private interest, antagonism between the law and the act is not in itself an absolute nullity. It is necessary in public interest that the court should have had jurisdiction of the person and the subject matter. Defects of

form, where there is no fraud or ill practice, is not cause sufficient to pronounce a judgment absolutely void, procured before a court of competent jurisdiction.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be and the same is hereby annulled, avoided and reversed.

It is decreed that this case be and it is reinstated; that it be remanded to the lower court, to be proceeded with as the law provides, the plaintiff and appellee to pay costs of appeal.