FOURNET, Justice.
 

 Sidney Lee Davis, Jr., instituted this suit for divorce against his wife, Mildred Watts, on the ground of two-year separation. The defendant admitted the separation occurred on the date alleged in the petition— May 1, 1941- — -but contended the portion of the two-year period following the plaintiff’s induction into the armed services of the United States — October, 1941 — cannot be considered, consequently that the ground for the suit does not exist since her husband was still in the armed forces at the time’ he instituted the suit. She denied the separation had been caused through her fault, specifically averring that the plaintiff had deserted her without cause, entitling her to alimony personally, as well as for her children, and attorney fees of $150.
 

 In the judgment rendered in the lower court the plaintiff was granted a final divorce and the defendant the custody of the children, but the .trial judge, finding the separation had been caused by the wife, denied her alimony, although decreeing she should have “the full amount allowed by the United States Government for the support of" the two children "while the plaintiff remained a member of the armed forces.” He further gave judgment of $100 for the defendant’s attorney fees and cast the plaintiff with costs. The defendant appealed.
 

 According to the pleadings and the evidence in the ■ record the uncontroverted facts of this case are that these people, who are colored, were married on April 8, 1940, in New Orleans, where they both
 
 *293
 
 lived at the time of their marriage and where, subsequent thereto, they established their matrimonial domicile in the home of the defendant’s mother and father. They were separated on May 1, 1941, at which time there was one child of the union, Sidney Lee Davis, III, the husband moving to his mother’s home where he remained until his induction into the army in October following, at which time the defendant began receiving monthly allotments of $80 from the government for herself and child. Following the birth of a second child in December of 1941 this amount was increased and, at the time of the trial, she was receiving $100 a month while the plaintiff was receiving only $50, out of which amount, after deduction of insurance and $22 for his wife’s allotment, he actually got only $21.31. In addition, it appears the defendant, employed at the Naval Hospital, received the sum of $19.61 a week, after all taxes and war bond purchases were deducted. She gave up this position just prior to the trial of the case.
 

 Inasmuch as the separation took place prior to the husband’s entry into the armed forces and the record shows the defendant refused to become reconciled with him, and more than two years have elapsed since the separation, we think the trial judge, under the provisions of Act No. 430 of 1938 (Section 2202 of Dart’s General Statutes), properly granted the plaintiff a divorce. This leaves for our determination the question of whether the wife is entitled to alimony under the provisions of Article 160 of the Revised Civil Code, as amended by Acts Nos. 247 of 1916, 21 of 1928, and 27 of the Second Extra Session- of 1934, wherein it is declared that if the wife has not been at fault the court may allow her alimony out of the property and earnings of her husband not to exceed one-third of his income, where the husband obtains a divorce on the ground of living separate and apart for a specified period of time. Martin v. Martin, 191 La. 761, 186 So. 94; Bienvenue v. Bienvenue, 192 La. 395, 188 So. 41; and Scott v. Scott, 197 La. 726, 2 So.2d 193.
 

 The husband testified the quarrel leading to the separation was precipated by his wife’s failure to prepare his meals and to keep his clothing clean while he was working as a common laborer doing jobs at odd times as they arose, resulting frequently in his going to bed hungry, and that during one of these quarrels she ordered him, in her mother’s presence, to leave her mother’s home, which he did, going to live with his mother. He also-testified he personally, and through his parents, tried on several occasions prior to his entry into the service of this country to effect a reconciliation with her, without avail, and that on one occasion, in particular about a month following the separation, he found his wife in a dance hall locked in the arms of two soldiers, at which time she not only refused to return home with him but cursed him as well.
 

 All of these facts are denied by his wife, whose version of the separation is that although she had lived a very happy and peaceful life with her husband, without any quarrel or argument, he, at fifteen minutes to 12:00 on May 1, 1941,. without
 
 *295
 
 any provocation on her part, picked up and left her mother’s home, stating .he was going to live with his mother who needed him. She denied she had ever gone out with anyone and stated that the only times she had ever been in the street following the separation had been when she was cither going to the grocery or to church. She is corroborated almost verbatim in her version of the matter by her mother.
 

 The husband’s version of the separation is not only more reasonable and plausible, consequently more likely in accordance with the facts as they actually occurred, but, in addition, his testimony is corroborated in many respects, particularly with respect to the incident with the two soldiers in the dance hall, as testified to by Thomas C. Haley and the plaintiffs father, Sidney Lee Davis, Sr. Besides we find that the testimony of the wife and her mother is not only incredible in some respects but is discredited in others. While she consistently stated she had refused to be reconciled with the plaintiff, at the very last minute, under cross-examination by the court, she said she was willing to be reconciled with him. But we think, as did the trial judge, that this expression on her part was more from a desire to retain the governmental allotment sent each month than from a desire to be reconciled with the plaintiff. Further, she stated she quit her job at the Naval Hospital just prior to the trial of the case because her mother had to undergo an operation and was too nervous to care for her children. But the record shows this operation occurred some three years prior to that time.
 

 We think the conclusions of the trial judge are supported by the preponderance of the evidence and we will not, therefore, disturb his findings in this respect. Counsel for the plaintiff, however, contends the judgment of the lower court awarding $100 attorney fees for the defendant’s attorney and the costs is erroneous and that that part of the judgment should be set aside.
 

 The plaintiff having failed to appeal from this judgment or to answer the appeal taken by the defendant, whatever merit there may be to his contention, about which we express no opinion, we are powerless to review this judgment or to grant the relief sought.
 

 For the reasons assigned, the judgment-appealed from is affirmed.