BOLIN, Judge.
Plaintiff and defendant were married on May 16, 1958, while defendant was home on military leave. After the marriage and prior to the return of defendant to his base, the parties lived at Springhill, Webster Parish, Louisiana, in the home of defendant’s mother.
Defendant departed for his military assignment on May 26, 1958, and on that date plaintiff also left the home of her mother-in-law and took up residence in the home of her mother which was also located at Springhill. Plaintiff testified that on this date she and her husband agreed to separate and to ultimately secure a divorce. Plaintiff also stated she subsequently received several letters from her husband inquiring about the divorce, and this was corroborated by an independent witness who testified he read several of these letters and that they contained the inquiry as mentioned by plaintiff.
In September, 1959, Joyce Gardner moved to Shreveport and on May 31, 1960, she filed a suit for divorce based on having lived separate and apart for a period in excess of two years pursuant to LSA-R.S. 9:301.
A curator ad hoc was appointed to represent the defendant who was alleged to be in the military service and absent from the state. The curator directed a registered letter to the defendant and its receipt is evidenced by the return card and corroborated by a letter from the American Red Cross, both of which were filed in evidence. Defendant made no reply to the letter of the curator and made no appearance on the day set for trial, even though delay had been granted at the request of the curator so that defendant might have opportunity to do so.
The trial court denied the divorce and in connection with his ruling stated:
“You need evidence that the separation was voluntary and not one that occurred on the departure of the defendant to his base.”
Our learned brother of the district court was certainly correct as to his appreciation of the law.
It is true that separation due to military service or other business necessity without any intent to sever the marital relationship does not fully meet the requirements of the applicable statute. This rule is perhaps more clearly stated in the following language found in the case of Otis v. Bahan, 1946, 209 La. 1082, 26 So.2d 146, 148, 166 A.L.R. 494:
“The separation of the married persons referred to in the statute means more than mere living apart. Business and other necessities may require the husband to live in one place and *465 the wife at another. A separation of this character is not within the meaning of the statute. The separation intended by the statute is a separation by which the marital association is severed. It means the living asunder of the husband and wife. It is a voluntary act, and the separation must be with the intent of the married persons to live apart because of - their mutual purpose to do so, or because one of the parties with or without the acquiescence of the other intends to discontinue the marital relationship.
“To constitute the voluntary separation required by the statute, it must appear that the separation upon the part of at least one of the parties was voluntary in its inception and was continuous throughout the statutory period.”
It is equally true, however, that if the separation has occurred prior to, and independent of the departure for military service, the time spent in such service does not interrupt the running of the.statutory time but is properly considered in computing the two-year delay. Davis v. Watts, 1945, 208 La. 290, 23 So.2d 97.
Therefore, the determination of this case rests upon whether the evidence adequately establishes that the separation was independent of the coincident departure of the defendant under military orders. Plaintiff testified that the agreement to separate was made prior to the defendant’s departure. She also stated that the only reason the separation did not occur several days sooner was because of a desire to limit the accompanying embarrassment. This is logical in view of the short duration of time expiring between the' ceremony and the decision to separate, together with the fact that the young couple were living in the home of the groom’s parents.
In support of her testimony that it was the intention of the parties to separate on May 26, 1958, plaintiff stated she received letters from defendant evidencing the same intention on his part. This testimony was substantiated by Doyle White who was called to the stand by plaintiff. We think, therefore, that plaintiff has adequately carried the burden of proof resting upon her in this matter.
Therefore, the judgment of the court a quo is reversed and accordingly:
It is ordered, adjudged and decreed that there be a judgment in favor of plaintiff, Joyce Dees Gardner, and against defendant Aubrey H. Gardner, decreeing a divorce “a vinculo matrimonii” forever dissolving the bonds of matrimony previously existing between them.
Reversed.