274 So.2d 795 (1973)
Ronald D. CALL
v.
Margaret S. CALL, his wife.
No. 5211.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 1973.
Rehearing Denied April 3, 1973.
Writ Refused May 24, 1973.
Richard A. Dowling, New Orleans, for Mrs. Mary Monett McNeill, plaintiff-appellant.
Bonnie B. Moses, New Orleans, for Ronald D. Call, defendant-appellee.
Baldwin, Haspel, Molony, Rainold & Meyer, Bruce A. North, New Orleans, for Margaret S. Call, defendant-appellee.
Before SAMUEL, STOULIG and BAILES, JJ.
SAMUEL, Judge.
On May 31, 1951 Ronald D. Call filed suit in the Civil District Court for the Parish of New Orleans for a divorce against his wife, Margaret Stephens Call. The suit was based on the alleged fact that the two litigants had been living separate and apart continuously for more than two years, grounds for a divorce under Act 430 of 1938, the controlling law at that time.[1] On June 29, 1951 Mr. Call obtained a judgment of divorce by default.
The petition now before us was filed (in the Call divorce suit) by Mrs. Mary Monett, wife of James D. McNeill, on April 2, 1971. It prays for judgment:
"... decreeing that the judgment of divorce between Margaret S. Call and Ronald D. Call rendered in *796 these proceedings on June 29, 1951 be declared null and void, and that all legal consequences resulting from said judgment of divorce be likewise declared null and void; ..."
The two litigants in the Call divorce suit are named as defendants. One of those defendants, Mr. Call, appears in this suit through an attorney at law appointed to represent him on the allegation that he is permanently absent from the state. The other defendant, Margaret Stephens, divorced wife of Call, filed exceptions of no cause of action, nor right of action, want of interest, prescription and nonjoinder of indispensable parties. The attorney representing the absent Ronald D. Call filed the same exceptions and, in addition, filed an exception to the jurisdiction.[2]
After a hearing at which no evidence was taken, there was judgment maintaining the two exceptions of no cause of action and dismissing the suit to annul. No action was taken by the trial court on any of the other exceptions. The petitioner, the present Mrs. McNeill, has appealed. Margaret Stephens, divorced wife of Call, has answered the appeal seeking an affirmance of the judgment appealed from and, alternatively, praying that her other exceptions be maintained and the suit to annul be dismissed on the basis of those, or one of those, other exceptions.
In addition to the facts stated in the first paragraph of this opinion, the petition to annul alleges:
On August 28, 1951 Margaret Stephens, the then divorced wife of Ronald D. Call, married James D. McNeill (now husband of petitioner in this suit), which marriage ended in a judgment of divorce on June 13, 1955. Incident to that divorce suit, and to a prior suit for separation, Margaret Stephens received, and continues to receive, alimony from McNeill in the amounts of from $250 per month to the present $350 per month. The Call divorce judgment is illegal, null and void because the litigants had been separated only sixteen months and not two years at the time of the filing of the petition for divorce. Both litigants knew of this fact and participated in concealing the truth from the court, Mr. Call by presenting pleadings and testimony known by him to be false and his wife, who was served personally with the petition and therefore knew of the false allegations, by acquiescing in the falsehood and allowing it to be accepted unchallenged. Petitioner was married to the said McNeill on November 9, 1957, more than two years after the Call divorce judgment. As a result of the alimony demanded by Margaret Stephens from petitioner's husband, based on the assumed validity of the former's marriage to McNeill, petitioner has not received, and is not now receiving, the income and support to which she is entitled as McNeill's wife.
Insofar as the exceptions of no cause of action are concerned, we are of the opinion Wilson v. Calvin, 221 La. 451, 59 So.2d 451, handed down by the Supreme Court of Louisiana in 1952, is controlling and requires that we affirm the judgment maintaining those exceptions.[3]
In Wilson the wife had obtained a judgment of separation from bed and board and a judgment awarding her alimony pendente lite in the sum of $250 per month. Later the husband obtained a divorce based on the judgment of separation previously rendered. He then filed suit seeking to enjoin and restrain the wife from attempting to collect the alimony or from enforcing the judgment awarding that alimony on the ground that a judgment of divorce dissolving the defendant's prior marriage (rendered some 17 years before the marriage between the litigants) was invalid and therefore the judgment awarding alimony, together with the judgments of separation and divorce between the litigants, *797 were all null, void and of no effect. After a trial on the merits, plaintiff's suit was dismissed and he appealed to the Supreme Court.
In the Supreme Court the appellant argued the judgment of divorce dissolving his wife's prior marriage was null and void for two reasons: (1) it was based upon a judgment of separation from bed and board and rendered on confirmation of a default prematurely taken; and (2) it was rendered against the prior husband, an absentee, without the appointment of an attorney to represent him and consequently without citation and, further, it was rendered against the absentee husband upon the filing of an unauthorized answer on his behalf and without a regular default having been entered.
The Supreme Court affirmed the judgment of the trial court which dismissed plaintiff's suit. The opinion mentions the fact that in reliance on the divorce judgment sought to be annulled the defendant's husband had remarried and children had been born of that marriage, and in addition, the plaintiff and the defendant were married subsequent to that divorce and one child had been born of their marriage. In connection therewith, the opinion states:
"There is a strong public policy against disturbing or declaring invalid a judgment of divorce, especially after a long period of time where the marital status of innocent parties who relied on the validity of that judgment would be disturbed, and more particularly where a decree would render innocent parties guilty of bigamy and cast a cloud on the legitimacy of their children."
. . . . . .
"We approach a decision in the instant case mindful of this strong public policy and of the fact that there exists a presumption as to the regularity of the judicial proceedings."
The opinion in Wilson discusses at length appellant's second reason for nullity, the jurisdictional question, and arrives at the conclusion that the contention was without merit in that the trial court did have jurisdiction in the prior divorce suit. Most pertinent here is the court's disposition of the first contention, that the judgment of separation from bed and board, upon which the attacked judgment of divorce was based, was rendered on confirmation of default prematurely taken. That contention was disposed of in the following short paragraph:
"In Anheuser-Busch Brewing Ass'n v. McGowan, 49 La.Ann. 630, 21 So. 766, this court held that a judgment cannot be impeached in any collateral proceeding on account of errors or irregularities not jurisdictional, and that the premature entry of a default is not an irregularity going to the jurisdiction. That case is therefore decisive of plaintiff's first contention since under that decision he cannot successfully make a collateral attack on the judgment of separation from bed and board in the Harkleroad proceedings."
Thus, in Wilson the Supreme Court held that a divorce judgment cannot be collaterally attacked for any errors or irregularities not jurisdictional. In effect, the holding is that a collateral attack based on errors or irregularities not jurisdictional does not state a cause of action. In all material respects we find Wilson to be similar to the present case.
As a result of prior alimony litigation before this court we know there is a child born of the marriage between Margaret Stephens, divorced wife of Call, and McNeill, petitioner's husband. Therefore, what was said in Wilson regarding public policy against disturbing or declaring invalid a judgment of divorce is applicable in this case. Here, as shown by the prayer of her petition, plaintiff seeks to have the divorce judgment and all legal consequences resulting therefrom declared null and void. Her primary concern, of course, is to bring to an end the payment of alimony by her husband to Margaret Stephens, divorced wife of Call. In Wilson the plaintiff *798 sought to have the judgment awarding alimony, and the judgments of separation and divorce, declared null and void. His primary concern also was to bring to an end any requirement to pay alimony. We see no material difference between the end sought in Wilson and that sought in the instant case. Here the attack is just as much collateral as it was in Wilson.
We do note one difference between the two cases. In Wilson the former husband does not appear to have been made a party to the suit, while here Call was made a defendant through the appointment of an attorney to represent him. But in view of the fact that the pertinent holding in Wilson was totally on other grounds and the opinion gives no consideration, indeed does not even mention, the absence of the former husband as a litigant that difference appears to be totally inconsequential.
Accordingly, as the error or irregularity complained of in the instant case is misrepresentation regarding the length of time the spouses had been separated at the time the Call divorce suit was filed, a matter quite clearly not jurisdictional, we have concluded the petition in suit does not state a cause of action.
Relative to the presence or absence of a jurisdictional question, her counsel does point out in brief that appellant's petition alleges (in addition to those allegations we have paraphrased above) Margaret Stephens, divorced wife of Call, filed suit in the District Court of St. Tammany Parish for a separation from bed and board from Call, a suit which resulted in a judgment of separation on July 21, 1950. Relying on this allegation, which we accept as true for the purpose of disposing of the exceptions of no cause of action, counsel contends the Civil District Court for the Parish of Orleans, in which the Call divorce suit was filed, was without jurisdiction to entertain that suit because "... once a court obtains Jurisdiction of a separation of divorce suit ... the jurisdiction remains in that court. Any further matter incidental thereto must be heard in that court."
Counsel has not cited any law upholding that jurisdictional contention, and we know of none. The fact that a separation suit had been filed and pursued to judgment in St. Tammany Parish could not have prevented the Orleans Parish court from having jurisdiction over the suit for a divorce on the grounds of two years separation.[4] Here the petition in the Call divorce suit alleges that the plaintiff is a resident of the City of New Orleans, wherein the matrimonial domicile was established. The defendant, Margaret Stephens Call, was personally served with citation and a copy of the petition in the City of New Orleans. Considering the aforementioned presumption of regularity of judicial proceedings, it appears clear the Orleans Parish court did have jurisdiction over the person, i. e., over the two litigants in the divorce suit, and over the subject matter of that suit.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] The present law, as amended in 1960, is LSA-R.S. 9:301.
[2] The exception to the jurisdiction is based on the contention that LSA-C.C.P. Art. 10 does not include this action to annul.
[3] We know of no subsequent change in our law or jurisprudence which would affect the here pertinent holdings in Wilson.
[4] "... when married persons have been living separate and apart for a period of two years or more, either party to the marriage contract may sue, in the courts of his or her residence within this state, provided such residence shall have been continuous for the period of two years, for an absolute divorce, which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of two years or more." Act 430 of 1938.