BARRY, Judge.
Plaintiff appeals the maintaining of defendant’s exceptions of no cause and right of action resulting in the dismissal of plaintiff’s petition to set aside a divorce judgment rendered twelve years earlier.
Girard Lynn Pierce, plaintiff, and Donald P. Gervais, defendant, were married June 27,1964 and had one child, Donald, Jr. The original petition for divorce (based on two years separation) filed October 1,1968 avers the parties separated July 1, 1966 and lived apart without reconciliation. A curator was appointed because the defendant was in the Army and missing in action in Viet Nam. The curator was informed by the Army on October 18, 1968 that Specialist Gervais departed the U.S. on January 11, 1968, that he was reported missing on May 1, 1968, and was considered by the Army in “missing status.”
On December 19, 1968 plaintiff was granted a divorce and custody of the minor child. The judgment was amended June 23, 1970 ordering defendant to pay child support in “the full amount allowed by law.” In December, 1968 (days after this divorce) plaintiff remarried, had two children, and divorced her second husband in 1978, or thereabout.
On September 9, 1980 plaintiff (in an attempt to procure widow’s benefits) sued to set aside the 1968 divorce alleging violation of the Soldier’s and Sailor’s Civil Relief Act and because Donald Gervais “is deceased and was at the time of the divorce ... in the Armed Forces ... missing in action and/or perhaps killed in action at the time the judgment was rendered.” A curator was appointed and filed exceptions of no cause and no right of action which were maintained and the petition was dismissed.
Plaintiff argues she should have the opportunity to present evidence which would show the prior judgment was an absolute nullity. She claims her first husband was dead as of May 1, 1968 and the divorce on December 19, 1968 was rendered against a dead person and is null. Next, she contends the judgment is void because the procedures used to obtain the divorce violated LSA-R.S. 9:304 and LSA-R.S. 9:1443.
If Gervais was dead at the time of divorce the judgment is a nullity. East Parker Properties, Inc. v. Pelican Realty Co., 335 So.2d 466 (La.App. 1st Cir.) writ denied 338 So.2d 699 (La.1976). There is jurisprudence to the effect that death is presumed if established facts lead to a strong and almost inevitable inference of death, i.e., submitted to the test of reason, one would be forced to the conviction that *924 Gervais died prior to the judgment. See LSA-C.C. Art. 2288, Jones v. Mason, 234 La. 116, 99 So.2d 46 (1958), Boyd v. New England Mutual Life Ins. Co., 34 La.Ann. 848 (1882). However, no such proof has been adduced here.
The evidence to prove death prior to December 19, 1968 is as follows:
1) A telegram received by plaintiff from the military on May 4, 1968 which advised that her husband was missing in action.
2) A letter from the Army dated October 18, 1968, addressed to the curator, affirming that Gervais was reported missing on May 1, 1968 and was still missing.
3) A letter dated August 21, 1978 from the Army advising: “Army records are being amended to change [Gervais’] status from missing in action to that of deceased as of 25 July 1978.” The letter stated the “date is not an actual or probably date of death, but is a date established in accordance with law.”
4) The Army’s “Report of Casualty” dated August 16, 1978 which set forth in part:
Under the provisions of Sections 555 & 556, Title 37, United States Code, and upon direction and delegation of authority by the Secretary of the Army, The Adjutant General finds MSG Donald P. Gervais, to be dead. He was officially reported as missing in action 1 May 1968, when he was last seen as a gunner on a military aircraft which was struck by hostile weapons fire, crashed and burned. As provided by, and for the purposes of Sections 551— 558, Title 37, United States Code, death is presumed to have occurred on 25 July 1978.
We hold this evidence fails to establish the “almost inevitable” conclusion that Ger-vais was deceased when the divorce was rendered.[1] „
Plaintiff next argues she failed to comply with LSA-R.S. 9:304 and LSA-R.S. 9:1441[2] when the original divorce was secured.
These statutes are inapposite to plaintiff’s position as each applies to the date of presumption of death by the armed services. The military presumption of death was July 25, 1978, long after the 1968 divorce was granted.
Even though we note some irregularities in the divorce proceedings (plaintiff did not testify, only one witness, plaintiff’s father-in-law testified), the record does not reveal sufficient anomalies to vacate the judgment. A curator was appointed to represent the defendant and was properly served. He attempted to locate the defendant, contacted the armed services, filed an *925 answer, and was present at the divorce hearing. The petition for divorce alleged the parties lived separate and apart for two years.[3] While separation resulting from entry into military service will not be considered in computing the two-year period, DeMaupassant v. Clayton, 214 La. 812, 88 So.2d 791 (1949), if the separation occurred prior to and independent of the husband’s departure into the armed services, the time while in the service is properly added to total two years. Gardner v. Gardner, 125 So.2d 463 (La.App. 2d Cir.1960), Davis v. Watts, 208 La. 290, 23 So.2d 97 (1945).
Plaintiff testified at the hearing to nullify the judgment that the parties initially separated in July, 1966. She subsequently lived with her parents and her husband resided with his mother. The letter from the Army to the curator in the divorce proceeding (October 18, 1968) and the Army’s “Report of Casualty” (August 16, 1978) both affirm defendant’s last tour of duty commenced January 22, 1968. The letter adds that Gervais left the U.S. for Viet Nam on January 11, 1968. Under our jurisprudence we find that the divorce granted on these facts was not error.[4]
We note if plaintiff had a legal basis (which she doesn’t) to annul her first divorce, the effect would be a possible bigamous second marriage and the resultant illegitimacy of her two children. Our Supreme Court in Wilson v. Calvin, 221 La. 451, 59 So.2d 451 (1952) said:
There is a strong public policy against disturbing or declaring invalid a judgment of divorce, especially after a long period of time where the marital status of innocent parties who relied on the validity of that judgment would be disturbed, and more particularly where a decree would render innocent parties guilty of bigamy and cast a cloud on the legitimacy of their children.
Id. 59 So.2d at p. 453. See also Call v. Call, 274 So.2d 795 (La.App. 4th Cir.) writ denied 277 So.2d 677 (La.1978).
In conclusion, we find plaintiff failed to show and the record does not contain any of the exclusive grounds for granting an action in nullity. (LSA-C.C.P. Arts. 2001 et seq.) Under Art. 2003 and Dipuma v. Anselmo, 137 So.2d 76 (La.App. 1st Cir.1962), a voluntary acquiescence in the judgment by a successful plaintiff or defendant will preclude a right to assert its nullity. Plaintiff secured and clearly acquiesced in the judgment she attempts to question.
Mindful of the strong public policy involved herein, of the presumption as to the regularity of judicial proceedings, (Call, supra) and for the foregoing reasons, the judgment of the trial court dismissing plaintiff’s petition is affirmed at plaintiff’s cost.
AFFIRMED.

. Plaintiff complains she was denied the opportunity to present evidence. We note, however, the Trial Judge initially overruled the exceptions explicitly in order to allow presentation of evidence. At this point she testified and exhibits were admitted.

. LSA-R.S. 9:304:
The spouse of a person presumed dead, as provided in R.S. 9:1441, may petition the district court of the parish in which the petitioner is domiciled for authority to contract another marriage. Upon the submission of proof that the petitioner is domiciled in the parish, and that the other spouse is presumed dead, the court may authorize petitioner to contract another marriage. The presumption of the death of petitioner’s spouse may be proved as provided in R.S. 9:1443.
The judgment of court authorizing the petitioner to contract another marriage has the effect of dissolving the marriage to the person presumed dead if he is alive at the time. LSA-R.S. 9:1441:
A person on active duty in one of the armed services of the United States, who has been reported missing under circumstances which have induced the armed service to which he was attached to accept the presumption of his death, shall likewise be presumed dead under' the law of this state.
LSA-R.S. 9:1443:
In a proceeding to open the succession of a person presumed dead, as provided in R.S. 9:1441, or in any other action or proceeding whatever in which the presumption of his death is an issue, this presumption may be proved by a certified copy of an official certificate of the armed service to which he was attached, or of pertinent excerpts from his service record, indicating that the armed service has accepted the presumption of his death.

. At that time LSA-R.S. 9:301 provided:
When the spouses have been living separate and apart continuously for a period of two years or more, either spouse may sue for and obtain a judgment of absolute divorce.

. Plaintiff argued in the lower court (but did not raise the issue here) that the Soldiers’ and Sailors’ Civil Relief Act (50 U.S.C.A.App. § 501 et seq.) was not complied with. While we observe that defendant did not waive his rights under the Act, we note the statute is for the exclusive benefit of the serviceman. A judgment rendered in derrogation of the Act can be attacked only by the serviceman or his legal representative upon a showing he was prejudiced by the judgment and had a meritorious defense to it.
50 U.S.C.A.App. § 520 provides in part:
(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act [said sections] shall not impair any right or title acquired by any bona fide purchaser for value under such judgment.
See also Sanchez v. Sobieski, 3 Ill.App.2d 478, 122 N.E.2d 602 (1954), Thompson v. Lowman, 108 Ohio App. 453, 155 N.E.2d 258 (1958).