599 So.2d 500 (1992)
CITIBANK (SOUTH DAKOTA) N.A., Plaintiff-Appellee,
v.
Phyllis M. KEATY, Defendant-Appellant.
No. 90-1065.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
*501 Keaty & Keaty, Michael J. Breaux, Robert B. Keaty, Lafayette, for defendant/appellant.
Steven T. Richard, Metairie, for plaintiff/appellee.
Before DOMENGEAUX, C.J., DOUCET, LABORDE and KNOLL, JJ., and COREIL, J. Pro Tem.[*]
JOSEPH E. COREIL, Judge Pro Tem.
This is an appeal by Phyllis M. Keaty, defendant-appellant, from the grant of a default judgment in favor of Citibank (South Dakota) N.A., plaintiff-appellee. Keaty contends that the default judgment in favor of Citibank was null insofar as she was never served, either personally or by domiciliary service, with the petition. We find that Keaty has carried her burden of proving, by clear and convincing evidence, that she was in New Orleans at the time of the alleged service in Lafayette. Thus, we reverse the judgment of the trial court and find the default judgment in favor of Citibank null and void.

FACTS
On June 29, 1987, Citibank filed a petition on open account against Keaty, contending that she was indebted to it in the amount of $4,793.95. The record contains a sheriff's return indicating that the citation and a certified copy of the petition were served personally on Keaty at her home on July 9, 1987.
When Keaty failed to respond to Citibank's petition, a preliminary default was entered on August 12, 1987, and later confirmed on September 1, 1987. On August 5, 1988, Keaty filed a petition for nullity of the September 1, 1987 judgment, arguing that she was never served with the citation and a copy of Citibank's petition.
After a hearing on July 25, 1989, the trial court dismissed Keaty's petition for nullity. This appeal followed.

NULLITY ACTION
Keaty contends that the trial court erred in dismissing her nullity action. She argues that the trial court was manifestly erroneous in finding that she was personally served with the citation and a certified copy of the petition.
A return of citation shall be considered prima facie evidence of service. La.C.C.P. art. 1292. The return of the officer on the citation is given great weight, and the burden rests on the party attacking it to establish otherwise by clear and convincing evidence. Veillon v. Veillon, 517 So.2d 936 (La.App. 3 Cir.1987), writ denied, 519 So.2d 105 (La.1987); Logwood v. Logwood, 185 La. 1, 168 So. 310 (1936).
Likewise, the jurisprudence further holds that a return of citation cannot be impeached by the uncorroborated testimony of a single witness, and it cannot be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer. Roper v. Dailey, 393 So.2d 85 (La.1980); Canterberry v. Slade Brothers, 96 So.2d 4 (La.1957).
It is also well settled that a judgment rendered against a party who has not *502 been served and who has not appeared is an absolute nullity. See C.C.P. art. 2002; Logwood v. Logwood, supra.
Deputy Sheriff Valson J. Stutes testified that he served Keaty personally at her home on July 9, 1987, as reflected on the sheriff's return. He likewise candidly admitted that because of the volume of citations he serves, he cannot recall the service on Keaty with any particularity.
On the other hand, Keaty testified that she could not have been served at her home in Lafayette on July 9, 1987, because she was in New Orleans from the evening of July 5, 1987, to July 11, 1987, preparing to attend law school. She stated that she found an apartment in New Orleans on July 8, 1987, and entered into evidence a photocopy of a check dated July 8, 1987, by which she paid her deposit on the apartment. She further stated that she was given the apartment keys on July 8 so that she could take apartment measurements, but that she had to return them to Kathy Hill, the apartment manager, on July 9.
In support of her contention that she was in New Orleans on July 9, 1987, Keaty offered the testimony of Merrilee Albright, a law student who attended Tulane University Law School. Mrs. Albright testified that Keaty phoned her on July 8, after speaking to the financial aid officer at Tulane Law School in New Orleans, who suggested that the two meet since they were both older, married students. At this time they made arrangements to meet and have lunch together the following day, July 9, the day of the alleged service. Mrs. Albright testified that she met Keaty on July 9 at her (Albright's) apartment at approximately 11:00 A.M., and that the two of them ate lunch at Copeland's Restaurant, remaining there until almost 5:00 P.M. Mrs. Albright also testified as to Keaty's surprise at learning that she had a judgment against her, which Keaty discovered in February of 1988, when she was denied a school loan.
The testimony of Mrs. Albright and the cancelled check written July 8, 1987, by which Keaty paid her deposit on her apartment, corroborated Keaty's testimony that she was in New Orleans on July 9, 1987. Additionally, Keaty proffered the affidavit of Kathy Hill, the manager of the apartment who negotiated Keaty's lease and loaned her the keys to the apartment, as corroborated evidence. The trial court ruled the affidavit was inadmissible. We make no finding as to the propriety of the trial court's evidentiary ruling insofar as we find that Keaty carried her burden of proof with or without the affidavit of Kathy Hill.[1]

CONCLUSION
Based upon the foregoing, we find that the trial court erred in concluding that Keaty did not prove, by clear and convincing evidence, that she was not in Lafayette on the day that the alleged service was made by Deputy Stutes. For these reasons, we reverse the judgment of the trial court and find that the default judgment in favor of Citibank and against Phyllis Keaty rendered September 1, 1987, is null and void.
Costs of this appeal and at the trial level are assessed to plaintiff-appellee, Citibank.
REVERSED.
KNOLL, J., dissents and assigns reasons.
LABORDE, Judge, dissenting.
I believe the trial court judgment is correct.
KNOLL, Judge, dissenting.
The burden of proof is by clear and convincing evidence on the party attacking service of process to show no service of process was made when the return of the citation shows service was made. Veillon v. Veillon, 517 So.2d 936 (La.App. 3rd Cir. 1987). In my view, Keaty did not show by clear and convincing evidence that service *503 of process was not made by Deputy Stutes. The affidavit proffered by Keaty is clearly inadmissible. Keaty testified that she stayed with her brother-in-law in New Orleans from July 5 through July 11. I find it significant that the brother-in-law did not testify. Similarly lacking is the testimony of Keaty's husband, Dr. William Keaty. His testimony regarding the dates of his wife's absence from Lafayette would certainly have assisted the trial court in its evaluation of the divergent testimony which it was called upon to evaluate.
For these reasons, I respectfully dissent.
NOTES
[*] JUDGE JOSEPH E. COREIL, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Keaty, in her petition for nullity of judgment, alleged that the Citibank application "was not signed nor completed by petitioner and that the signature is not her signature." We note that the signature on her application for the credit card and her signature on the cancelled check written on July 8, 1987 for her apartment deposit do not match.