973 So.2d 809 (2007)
Samuel BURFICT
v.
MAFIA/"BAD" MASONS.
No. 07-CA-466.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
*810 Samuel Burfict, I.P.P., Harvey, Louisiana, for Plaintiff/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
This is an appeal by a pro se plaintiff. We dismiss the appeal for lack of jurisdiction due to the absence of an appealable judgment in the record, and remand the matter to the district court.
Samuel Burfict initiated this lawsuit on March 2, 2006, with a Petition/Motion for an Emergency Restraining Order in the district court. The petition did not specifically designate any individuals as defendants.
The record does not indicate the petition was ever served on anyone.
According to the record, no further pleadings were filed until April 18, 2007, when Mr. Burfict filed a Motion to Set for Trial on the Merits. In it he listed the defendants as "General Rosa (Citadel Military AkademySouth Carolina)," and "Hanscom Air Force Base → Mafia/Masons/NORAD/CIA/Satan (Bedford, Massachusetts) Intelligence Dept." He also wrote in, "Waive service of the `above' Defendants. SB" The court set the trial date for May 11, 2007. The minute entry for May 11, 2007 states, "This matter was continued without datedue to no service."
On May 17, 2007, Mr. Burfict filed a Motion to Reset for Trial on Merits, in which he designated the defendants as "U.S. President Bush," "Mr. Ban Ki-Moon (U.N. Secretary General)," "Mrs. Carol (Burfict) Mills," and "General Rosa (Citadel Military Academy)." The court set the trial for June 22, 2007.
The record contains returns on service of the Notice of Trial, made by certified mail, return receipt requested, on President Bush, General Rosa, and Ban KiMoon; the returns indicated the documents had been served at The White House, the Citadel Military Academy, and the United Nations headquarters. However, the return on service for Carol Burfict Mills indicates service on her was unsuccessful.
The minute entry for June 22, 2007 states, "No service on Carol Burfict Mills. The parties served did not appear for the hearing. Judge Regan informed Mr. Burfict that the court was not able to go forward."
On June 25, 2007, Mr. Burfict filed a Motion and Order for an Appeal. The *811 district judge signed the order of appeal on the same date.
On appeal Mr. Burfict has filed a number of pleadings (all handwritten), consisting of a motion for oral argument, two miscellaneous motions (including a motion to elevate the appeal directly to the U.S. Supreme Court), an original brief, and five supplemental briefs.
In reviewing the record, however, we find no judgment that can be appealed, nor any judgment on the merits of Mr. Burfict's claims that would be reviewable under our supervisory jurisdiction.
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. La.Code of Civil Procedure article (La. C.C.P. art.) 1841. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. Id. A judgment that determines the merits in whole or in part is a final judgment. Id.
A judgment cannot determine rights or award relief to persons or entities who are not parties to the litigation. Ruttley v. Lee, 99-1130 (La.App. 5 Cir. 5/17/00), 761 So.2d 777, 788, writ denied, XXXX-XXXX (La.9/22/00), 768 So.2d 1287. A judgment rendered against a party who has not been served and who has not appeared is an absolute nullity. Citibank (South Dakota) N.A. v. Keaty, 599 So.2d 500, 501-502 (La.App. 3 Cir.1992); La. C.C.P. art. 2002 A(2).
A final judgment is appealable in all causes in which appeals are given by law, and an interlocutory judgment is appealable only when expressly provided by law. La.C.C.P. art. 2083. Every final judgment shall be signed by the judge. La.C.C.P. art. 1911. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the judgment is signed. Id. No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). Id.
An appeal can be dismissed at any time for lack of jurisdiction of the appellate court. La.C.C.P. art. 2162. In this case, the district court made no ruling that could be considered an appealable judgment. Hence, the appeal was not properly taken, and must be dismissed.
In an abundance of caution, we have also considered whether there is any ruling that could be interpreted as an interlocutory ruling (that is, a ruling that could be challenged in a writ application). Interlocutory rulings are subject to review under our supervisory jurisdiction, pursuant to La.C.C.P. art. 2201 and the Uniform Rules of Louisiana Courts of Appeal.
The only action of the district court that might be interpreted as a ruling, however, was the court's refusal to allow a trial to go forward on June 22, 2007, because Carol Burfict Mills had not been served and none of the parties served appeared in court. We find no error in that ruling. There is nothing to show that any party was ever served with the original petition in the matter. Hence, issue could not be joined and the case was not ripe for trial.
We have included two Appendixes with this opinion. Appendix I sets out additional information regarding Mr. Burfict's claims, demands, and pleadings. Appendix II sets out the text of the Code of Civil Procedure articles cited in this opinion.
For the foregoing reasons, we dismiss the appeal and remand the case to the district court.
APPEAL DISMISSED; CASE REMANDED.

*812 APPENDIX I

ADDITIONAL INFORMATION REGARDING PLAINTIFF'S CLAIMS, DEMANDS, AND PLEADINGS
Mr. Burfict also calls himself by the names "Sir Ramses (T) Po-Lovo-Bota-Omni, O.L.D.," "Sir (Kommodore) Tutananku (R) Po-Lovo-Bota-Omni," "Tutananku-Ramses Po-Lovo-Bota-Omni (R-T Po)." He lists his titles as "The Omni-Chief-Supreme: Papal/Judge/Esquire (Lawyer)/Scales (Kommander) Pharaoh/Etc. (U.S./Int'l)."
Mr. Burfict alleged he is on a mission "for Heaven/the United Nations/the U.S. military/etc. . . . to eliminate all sin and evil in the U.S./international (all poverty, crime, death, illiteracy, sickness, accidents, etc.)." He sought an emergency restraining order to "prevent mission harassment/delays" and to prevent "sinful/unnecessary communications" from "the Burfict Family (U.S./Int'l)" and "all other beings (U.S./Int'1)." He alleged the "beings" are "controlled (mind and body) by the evil conspirators computers and satellites," and that the "Mafia/ `Bad' Masons control these evil computers/satellites."
Mr. Burfict attached to his Petition/Motion copies of various letters and other written communications between him and other persons. Among his assertions are the following:
The conspirators are trying to kill and bankrupt me and my group members around the "Globe." I am this mission's chief-commander. . . . The Mafia and the Masons (both secret societys) manage the evil conspiracy in this society (Earth/etc.) from three main military stations:
(1) NORAD stations . . .
(2) NATO stations (Belgium, Turkey, Iceland, Germany and Norway)
(3) The secret Mt. Olympus station on Cyprus Island.
* * *
New Orleans Louisiana is the Mafia and Masons "secret" International (sin) capitol; this was reason for the recent Destruction from Hurricanes "Katrina" and "Rita."
Note: "Sinful Behavior" produces electromagnetic waves that have an affinity for the electric field/magnetic field, Internationally; It destroys the weather, property, people, etc.; It cannot be tolerated again; Never!

Mr. Burfict also attached a copy of a May 31, 2005 order issued by the New Hampshire Court of Probate, which dismissed a petition that sought to, have Mr. Burfict involuntarily hospitalized for mental illness. The order stated, "Evidence of potentially serious likelihood of danger does not meet clear and convincing standard." Attached to a later pleading is a copy of an August 19, 2003 order from Civil District Court, Parish of Orleans, which ordered that Samuel Burfict be released from involuntary confinement "effective immediately."
On June 12, 2007, Mr. Burfict filed a pleading titled, "A Motion to Inklude More Specific Information," in which he stated,
I am the "lead" Lord-Angel-King from Heaven # 3.
I am the Chief-Supreme Papal/Judge.
I am the Chief-Supreme Physician/Doktor/Surgeon.
I am the Pharaoh (Kommander) of "all" skales [inklude the justice-scales] and "all" serpents [inklude the medikal serpent.].
Attached were various documents, which he designated as follows:
(I) Packet # 1A general epistle (letter) for the judge(s) and motion/order *813 Legal Dokuments (Law Order, Medikal Probate Order, Restraining Order), etc.
(II) Packet # 2My autobiography-epistle and the mission-explanation letter.
(III) Packet # 3General info about I (Kommodore Samuel Burfict).
(IV) Packet # 4General info about this Holy Military-Legal-Medikal Mission.
Included in Packet # 3 were papers indicating that Mr. Burfict served in the U.S. Air Force from 1986 to 1990, and was placed on the Permanent Disability Retired List on July 31, 1990 for the diagnosis of paranoid schizophrenia. In a document in Packet # 4, Mr. Burfict states, "[T]he evil forces that occupy this universe attacked my body with the schizoaffective disorder." He also states that for the past 17 years he has traveled throughout the United States on his mission, and as he traveled he was "still under severe attack/stress from the evil forces, completing extended-stays in approximately 17 private hospitals' psychiatric wards."

APPENDIX II

CODE OF CIVIL PROCEDURE ARTICLES CITED IN OPINION
WEST'S LOUISIANA STATUTES UNANNOTATED LOUISIANA CODE OF CIVIL PROCEDURE ACTS 1960, NO. 15

BOOK IL ORDINARY PROCEEDINGS

TITLE VI. JUDGMENTS

CHAPTER 1. GENERAL DISPOSITIONS
Art. 1841. Judgments, interlocutory and final
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
WEST'S LOUISIANA STATUTES UNANNOTATED LOUISIANA CODE OF CIVIL PROCEDURE ACTS 1960, NO. 15

BOOK II. ORDINARY PROCEEDINGS

TITLE VI. JUDGMENTS

CHAPTER 1. GENERAL DISPOSITIONS
Art.2083. Judgments appealable
A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by, reformation under Article 1814.
B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.
C. An interlocutory judgment is appealable only when expressly provided by law.
WEST'S LOUISIANA STATUTES UNANNOTATED LOUISIANA CODE OF CIVIL PROCEDURE ACTS 1960, NO. 15

BOOK II. ORDINARY PROCEEDINGS

TITLE VI. JUDGMENTS

CHAPTER 3. RENDITION
Art.1911. Final judgment; partial final judgment; signing; appeals
Except as otherwise provided by law, every final judgment shall be signed by *814 the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled. No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.
WEST'S LOUISIANA STATUTES UNANNOTATED LOUISIANA CODE OF CIVIL PROCEDURE ACTS 1960, NO. 15

BOOK III. PROCEEDINGS IN APPELLATE COURTS

TITLE I. APPELLATE PROCEDURE

CHAPTER 3. PROCEDURE IN APPELLATE COURT
Art. 2162. Dismissal by consent of parties, or because of lack of jurisdiction or right to appeal, or abandonment; transfer
An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.
If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer or retransfer it to the proper court.
WEST'S LOUISIANA STATUTES UNANNOTATED LOUISIANA CODE OF CIVIL PROCEDURE ACTS 1960, NO. 15

BOOK III. PROCEEDINGS IN APPELLATE COURTS

TITLE II. SUPERVISORY PROCEDURE
Art. 2201. Supervisory writs
Supervisory writs may be applied for and granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction.