**GREEN TREE SERVICING, LLC**

v.

**Ivory A. CHOPIN, III**

**NO. 16–CA–244**

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPEL-LEE, GREEN TREE SERVICING, LLC, Eric J. Simonson, Mark R. Deeth-ardt

DEFENDANT/APPELLANT, Ivory A. Chopin, III, IN PROPER PERSON

Panel composed of Fredericka Homberg Wicker, Jude G. Gravois, and Robert A. Chaisson

CHAISSON, J.

In this foreclosure case, defendant Ivory A. Chopin, III, appeals a December 2, 2015 order denying his motion to dismiss and vacate a writ of possession. For the following reasons, we dismiss this appeal.

FACTS AND PROCEDURAL HISTORY

On August 1, 2007, Mr. Chopin executed a promissory note in the principal amount of $86,800 in favor of SunTrust Mortgage, Inc., encumbering immovable property located at 44 Evergold Lane, Waggaman, Louisiana. This note was subsequently transferred to Green Tree Servicing, LLC n/k/a Ditech Financial LLC ("Green Tree"), which, upon Mr. Chopin's default, filed a petition for executory process on February 13, 2014, seeking to enforce the note and foreclose on the property. On February 25, 2014, the trial court issued an order of executory process directing the issuance of a writ of seizure and sale. The writ of seizure and sale was issued on March 10, 2014, and the sheriff's sale of the property was initially set for April 9, 2014. On April 3, 2014, prior to the judicial sale, Mr. Chopin filed a motion for suspensive appeal from the order of executory process. The court issued an order of appeal on April 14, 2014, which required Mr. Chopin to furnish a $40,000 suspensive appeal bond. Mr. Chopin did not post the necessary bond, and thus the appeal was not perfected. Mr. Chopin did not seek an injunction to prevent the sheriff's sale. The sheriff's sale was held on August 13, 2014, at which time Green Tree successfully bid on and purchased the property. The sheriff's deed conveying the property to Green Tree was recorded into the conveyance records of Jefferson Parish on September 5, 2014. At Green Tree's request, on October 4, 2014, the clerk of court issued a writ of possession pursuant to La. R.S. 13:4346 directing the sheriff to seize and deliver possession of the property to Green Tree.

On May 1, 2015, Mr. Chopin filed a separate lawsuit for damages against Green Tree in which he asserted various contract and tort claims against Green Tree based on the underlying executory proceeding and a purported payoff of the note by allegedly tendering $96,000 to Green Tree using an instrument styled as an "International Promissory Note." Green Tree removed that suit to federal court based on diversity jurisdiction. Green Tree subsequently filed a motion for summary

judgment, which the federal court granted on January 20, 2016, dismissing all of Mr. Chopin's claims in the damages lawsuit.

On October 12, 2015, Mr. Chopin filed in the executory proceeding a "Motion to Dismiss and Vacate Writ of Possession." The trial court set a hearing on the motion for November 12, 2015, but Mr. Chopin did not attend. On December 2, 2015, the trial court entered an order denying the motion to dismiss and vacate the writ of possession. Mr. Chopin thereafter filed a motion for appeal, which the trial court granted on January 4, 2016.

DISCUSSION

Under Louisiana Code of Civil Procedure article 1841, a judgment that does not determine the merits of a case but only preliminary matters in the course of the action is an interlocutory judgment. An interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083(C). An order denying a motion to dismiss and vacate a writ of possession in an executory proceeding is an interlocutory ruling, and therefore we have no appellate jurisdiction to consider the merits of the trial court's ruling. An appeal may be dismissed at any time for lack of jurisdiction of the appellate court. La. C.C.P. art. 2162; *Burfict v. Mafia*, 07–466 (La.App. 5 Cir. 11/27/07), 973 So.2d 809, 811. Accordingly, this appeal is dismissed.

**APPEAL DISMISSED**